SAVELAND, Respondent, vs. THE FIDELITY AND CASUALTY COMPANY OF NEW YORK, Appellant.

*October 16 — November 3, 1886.*

*Accident insurance: What is " total disability" ?*

A policy provided that in case of accidental injuries which should " *wholly disable* and prevent him from the prosecution of *any and every kind* of business pertaining to his occupation," the insured should be indemnified against loss of time thereby "for such period of *continuous total disability*" as should immediately follow, not exceeding, etc. In an action thereon, *held*, that it was error to instruct the jury that the defendant was to pay the amount agreed if by the accident the plaintiff had been disabled in any way from prosecuting the business in which he was engaged, and that the plaintiff was entitled to recover for such time as he was "rendered wholly unable to do his accustomed labor; that is, to do substantially *all kinds* of his accustomed labor to some extent."

APPEAL from the County Court of *Milwaukee County*.

The following statement of the case was prepared by Mr. Justice CASSODAY:

March 14, 1884, the plaintiff, by occupation a merchant grocer in Milwaukee, in consideration of $15 by him paid, procured of the defendant a policy of insurance whereby it insured the plaintiff for the term of twelve months ending March 14, 1885, and issued to him its policy, wherein the defendant, among other things, agreed in effect that "if the insured shall sustain bodily injuries, . . . effected through external, violent, and accidental means, which shall, independently of all other causes, immediately *and wholly* disable and prevent him from the prosecution of *any and every* kind of business pertaining to his occupation, then, on satisfactory proof of such injuries, he shall be indemnified against loss of time thereby in a sum not exceeding $15 per week for such period of *continuous total disability* as shall immediately follow the accident and injuries aforesaid, not ex-

ceeding, however, twenty-six consecutive weeks from the time of the happening of such accident;" which policy was so issued to the plaintiff, "and accepted" by him, "subject to all the provisions, conditions, limitations, and exceptions" therein "contained or referred to," among which were "that this insurance shall not extend to any bodily injury of which there shall be no external and visible sign upon the body of the insured;" that " this insurance shall not be held to extend to . . . any case of . . . personal injury, unless the claimant under this policy shall establish, by direct and positive proof, that the said . . . personal injury was caused by external violence and accidental means." The policy contains a large number of exceptions of "bodily injuries happening directly or indirectly in consequence of" certain diseases, infirmities, actions, exposures, and employment of the assured, and numerous limitations and conditions; and among others, this: "The insured shall not be entitled to indemnity for disabling injuries beyond the amount of his ordinary wages, salary, *or the money value of his time during the period of continuous total disability*, not exceeding twenty-six weeks, as aforesaid."

The breach alleged in the complaint in this action upon the policy was, in effect, that June 19, 1884, and while the plaintiff, in the exercise of ordinary care, was about his regular business and employment, and his earnings and time worth $100 per week, he was accidentally hit with great force upon his instep by a stick of wood thrown by some party, inflicting an outward and external mark, breaking through the flesh, and seriously injuring his foot, by reason of which he "was wholly disabled" and "unable to engage in any business" for the first week thereafter, and was, during that time, " confined to his home and under the doctor's charge;" "that afterwards, by means of great exertion, he was enabled to get to his buggy, and superintend a small part of his business, but was almost wholly disabled for the whole period of twenty-six weeks."

The answer alleged, in effect, that the proofs of loss from the accident, furnished by the plaintiff, stated a "total disability therefrom for four days, and no more;" that the defendant tendered to the plaintiff therefor $15, which he refused to receive, and which the defendant was still ready and willing to pay; and denied all other allegations and liability.

The court having refused to nonsuit the plaintiff at the close of his testimony, the defendant proved the tender before the commencement of the action, and paid the money into court. Under the charge of the court, the jury returned a verdict "for the plaintiff in the sum of $135, for nine weeks at $15 per week." The court having refused to set aside the verdict and grant a new trial, judgment was entered upon the same in favor of the plaintiff, from which the defendant appeals.

*A. G. Weissert*, for the appellant.

For the respondent there was a brief by *J. E. Wildish*, and oral argument by *J. C. Officer*.

CASSODAY, J.   The cause was submitted to the jury on the theory that it was the object of the policy to insure the plaintiff against accident, and to pay the plaintiff what the company had agreed to pay for the accident he had received, if by that accident he had been disabled in any way from prosecuting the business in which he was engaged; that it was to indemnify the plaintiff "for his want of capacity to prosecute the business in which he was engaged;" that the plaintiff was "entitled to recover, at the rate agreed on in the policy, for such time as by reason of such accident he" was "rendered wholly unable to do his accustomed labor; that is, to do substantially *all kinds* of his accustomed labor to some extent." The learned trial judge was supported in such theory by the language of the court in *Sawyer v. U. S. Casualty Co.* 8 Am. Law Reg. (N. S.), 233.   The clause of the policy there involved was, "totally disable him from

the prosecution of his usual employment." The case was in the superior court of Worcester, Massachusetts, but never reached the supreme court of that state, nor do we find it referred to in any subsequent case in any court. That case apparently followed *Hooper v. Accidental D. Ins. Co.* 5 Hurl. & N. 546, where the clause of the policy relied upon was, " any bodily injury to the said insured of so serious a nature as wholly to disable him from following his usual business, occupation, or pursuits;" and it was held, in effect, that a disability which incapacitated the assured from " following his usual occupation, business, or pursuits " was a breach. In neither of those cases was the language of the policy so broad and sweeping as in the case at bar. The language of this policy is even more sweeping than in *Rhodes v. Railway Pass. Ins. Co.* 5 Lans. 77, where it was held that there could be no recovery because it was not shown that there was a " total disability to labor." In that case the language of the policy was, " accident and injury which totally disabled and prevented from all kinds of business." The same is true with respect to *Lyon v. Railway Pass. Assur. Co.* 46 Iowa, 631, where the language of the policy was, " while totally disabled and prevented from the transaction of all kinds of business;" and it was held that such language could not be construed to mean " partially disabled from some kinds of business."

Here the plaintiff was only entitled to recover in case the injury was such as to " *wholly* disable and prevent him from the prosecution of *any and every* kind of business pertaining to his occupation," and then only "for such period of continuous *total* disability," not exceeding the amount stipulated, nor " the money value of his time during the period of continuous *total* disability, not exceeding twenty-six weeks." The ordinary object of a policy of insurance may be such as stated by the learned trial judge, but the manifest purpose of this policy was to obtain premiums by

incurring as little risk as possible.  But there was no law to prevent the parties from making their own contract. The plaintiff consented to and made this one.  He cannot repudiate or alter its conditions in the day of his calamity. The courts are powerless to make a new contract for him or to strike some words from the contract he made for himself, and insert others, and thus enlarge the risk, in order to meet the expectation of the plaintiff in obtaining the policy.  This we should be compelled to do, in order to sanction the charge to the jury.  The plaintiff's right to recover is necessarily restricted to the time he was wholly disabled and prevented " from the prosecution of any and every kind of business pertaining to his occupation."

*By the Court.* — The judgment of the county court is reversed, and the cause is remanded for a new trial.