## ALBERT *v.* ORDER OF CHOSEN FRIENDS.

*(Circuit Court, D. Kentucky. August 23, 1887.)*

**1. INSURANCE—MUTUAL BENEFITS—PERMANENT DISABILITY.**
The constitution of a relief fund association provided that a member "permanently disabled from following his or her usual or other occupation" was entitled to a benefit; and in another section defined such disability as one which should "permanently prevent the member from following any occupation whereby he or she can obtain a livelihood." *Held*, that the words "or other occupation," in the first-mentioned section, could not be held to mean "or other of the same kind;" and the definition in the latter section was conclusive against one who, disabled from his own profession, had been working at another totally dissimilar one.

**2. SAME—PROOF OF CLAIM.**
The laws of a relief fund association provided that on notice of the disability of a member a board of physicians should examine him, and report to the

supreme council; that all proofs for death or disability benefits should be approved by the subordinate council; and that, upon approval of satisfactory proofs of a member's disability, he should be entitled to a benefit. *Held*, that the subordinate council could not finally reject a claim.

At Law. On demurrer.

Action by J. J. Albert, to recover $3,000 from the supreme council of the Order of Chosen Friends.

*Browder & Edwards* and *Dodd & Grubbs*, for plaintiff.

*Finch & Finch* and *F. T. Fox*, for defendant.

BARR, J. The plaintiff has demurred to the defendant's answer, and this demurrer raises important questions. The plaintiff has sued to recover of the defendant $3,000 because of his total inability to pursue his usual occupation—that of a barber. The answer (second paragraph) alleges that the plaintiff is not disabled by his disease from following some other occupation than that of a barber, and that he has, since his alleged disability, engaged in other occupations, and that he has in fact run, as owner, a restaurant in Russellville, and is now engaged in said occupation, and that he has also been engaged in clerking in a boot and shoe store since said disability. The plaintiff is a member of the Order of Chosen Friends, and his certificate, which is filed, provides that he is "entitled to all the rights and privileges of membership, and of a benefit not exceeding three thousand dollars from the relief fund of said order, in the manner, and subject to the conditions, set forth in the laws governing said relief fund, and in the application for membership." The fourth section of article 2 of the relief fund declares that: "Should a member become totally and permanently disabled from following his or her usual or other occupation, by reason of disease or accident, such member, upon the receipt and approval of satisfactory proofs, as hereinafter provided for, shall be entitled to a benefit of not exceeding one-half the amount of the relief fund certificate held by him or her." The plaintiff insists that, as the answer set up his ability to follow occupations which are not of a like character as that of a barber,—his usual occupation,—it is not good. He construes this section as meaning his or her usual or other like occupation. Such a construction is sustained by excellent authority. There is another section (11) of this article which, however, defines the total and permanent disabilities mentioned in section 4, and these definitions are, I think, conclusive upon the plaintiff. That section is as follows:

"The following are hereby declared to be total and permanent disabilities, within the meaning of section 4 of this article, viz:. The loss of both hands; the loss of both feet; the loss of both eyes; the loss of one hand, and permanent crippling of the other; the loss of one foot, and permanent crippling of the other foot or leg; such a permanent and disabling sickness as shall render the member helpless to the extent of permanently preventing the member from following any occupation whereby he or she can obtain a livelihood."

This section leaves no room for the rule of *ejusdem generis* to be applied. The language is explicit that the disabling sickness shall render the mem-

ber helpless to the extent of permanently preventing him "from following any occupation whereby he or she can obtain a livelihood." See *Saveland* v. *Fidelity Co.*, 30 N. W. Rep. 237. The language of the article of association, which states the principal objects of the association, or that of the constitution, which declares that one of the objects of establishing a relief fund to be to relieve a member when by reason of disease or accident he "becomes permanently disabled from following his or her usual or some other occupation," cannot help the plaintiff. Both parties are bound by the certificate of membership, which is the contract as to the relief to be given, and that refers to the laws governing the relief fund as the controlling rule upon the subject now under consideration. The demurrer to the second paragraph of the answer should for the reason given, be overruled.

The demurrer to the third paragraph of answer presents a novel question. That paragraph proceeds upon the theory that the plaintiff cannot recover if the subordinate council, of which he is a member, does not approve his proofs of the disability. It sets out affirmatively as a complete defense that the subordinate council of which he is a member has rejected his claim. The question is not whether the plaintiff has sufficiently excused himself from having the approval of this council, as required by section 8, and made the proper allegations in that regard, but whether, this council having rejected his claim, that is the end of it, except by an appeal to a superior council of the order. The relief fund laws direct that, upon proper notice of a disability being given, the supreme councilor shall order a board of three physicians, whose duty it shall be to make a careful examination of the member's condition, and report as to the character and permanency of the disability. If this report "shows a disability of an unquestionable total and permanently disabling character, the supreme councilor, supreme recorder, and supreme medical examiner may approve the same, and order the benefit paid." Section 7 of these laws provides that in case of disability for accident, this board of physicians may be dispensed with. Section 8 of these laws declares that "all proofs for death or disability benefits shall be approved by the subordinate council to which the claim belongs, while assembled in regular session, and such approval shall be attested by the chief councilor and secretary with the seal of the council. A medical examiner shall also approve and attest such claims, all of which shall be done before a claim is forwarded to the supreme recorder." The fourth section provides that upon the receipt and approval of satisfactory proofs of the disability of a member, as hereinafter provided for, "he shall be entitled to a benefit of not exceeding one-half of the relief fund certificate held by him or her. These provisions are seemingly somewhat inconsistent. The use of the words "not exceeding" one-half of the amount of the relief fund certificate held by him, would indicate that there was either a sliding scale upon which the benefits were to be regulated, or that some one had a discretion in the matter. The disability benefits are, as I understand it to be, one-half of the amount of the relief fund certificate held by the claimant, except in the case mentioned in section 1. There is,

therefore, uniformity in benefits as well as assessments; and neither a subordinate council, or other body or person in the order, can, in their discretion, scale a benefit. We have seen that the right to allow a disability claim is with the supreme councilor, supreme recorder, and supreme medical examiner. What, then, is the meaning of the provision of section 8, which requires "all proofs for death or disability benefits shall be approved by the subordinate council to which the claimant belongs." We think this provision is directory as to the mode of preparing proofs for those who are to act upon the claim, and does not give the subordinate council the right to reject the claim itself. I see nothing in the constitution or laws of this order which gives to subordinate councils the right to reject a claim for either a death or disability benefit. Such a right will never be presumed, but must be given in the clearest and most explicit terms. Neither do I find anything which makes the judgment of a supreme councilor, supreme recorder, and supreme medical examiner upon these benefits final, so as to preclude a claimant from appealing to the courts for redress, if he be otherwise entitled to it. The demurrer to the third paragraph should be sustained.