STEPHEN McKINLEY v. BANKER'S ACCIDENT INSURANCE
COMPANY OF DES MOINES, IOWA, Appellant.

**Insurance:** CONSTRUCTION OF ACCIDENT POLICY. The insured in a policy of accident insurance providing indemnity for injuries "immediately, wholly and continuously disabling (him) from transacting any of the duties pertaining to his occupation as a merchant" is not entitled to indemnity during the time he was able to perform some of the work pertaining to such occupation,.

although there were many of the duties incident to it that he could not perform.

**Review of Verdict:** COURT AND JURY: *Objections below.* Where the question whether plaintiff was engaged in work, during the doing of which the accident policy did not afford indemnity, is submitted to the jury, without objection, a finding that the work done was not of that character, will not be disturbed, if there is evidence to sustain it.

*Appeal from Louisa District Court.*—HON. W. S. WITHROW, Judge.

FRIDAY, MAY 27, 1898.

ACTION upon a policy of insurance by the defendant to the plaintiff, insuring him against the effects of personal bodily injuries caused solely by external, violent, or accidental means. Verdict and judgment were rendered in favor of the plaintiff for two hundred dollars. Defendant appeals. —*Affirmed* conditionally.

*H. O. Weaver* and *N. T. Guernsey* for appellant.

*Fred Courls* for appellee.

GIVEN, J.—I. The policy insured the plaintiff against the effects of personal bodily injuries, caused solely by external, violent, or accidental means. The policy provides that it should not cover the insured while engaged in the physical labor of handling heavy hardware, stoves, or any kind of machinery. The plaintiff testified that he was engaged in the hardware and implement business; that he went into the country to the farm of a Mr. Wheeler, to put a pump in order that was out of repair; and, as to the cause and manner of the injury, testifies as follows: "I went out, and took the pump out, and took the casing out of the well (the tubing, we call it), and fixed the pump, and was putting the tubing back in the well again (the gas-pipe; we call it tubing). And we had perhaps two or three lengths of the pipe down,—sixteen or eighteen feet long,—and there were two men holding it

with a chain, and I was down in the well with a clamp; and I would loosen up the clamp, and let it slide down, and then catch it; and, as they started a piece down, the chain slipped, and it caught these two fingers between the chain and the clamp. The flesh was all torn off of these fingers, and this finger was cut clean up here on the left hand, and the thumb was cut on the left hand, and this finger never got well yet, and is numb. As soon as I was hurt, I got right up out of the well, and untied my horse, and got into the buggy, and came home, and went to the doctor's, and had it dressed. I went to Dr. Allen. I notified the company about the second day after the injury. I was under the doctor's treatment for about eight weeks before he quit treating me."

Appellant's contention is that the injury was received while appellee was engaged in the physical labor of handling heavy hardware and machinery, while appellee contends that he was not so engaged. Considerable testimony was taken as to whether the piping and appliances with which plaintiff was working are classed by the hardware trade as heavy hardware or machinery. The court submitted this question to the jury, and instructed that, if plaintiff was at the time of the injury engaged in the occupation of handling either heavy hardware, stoves, or other machinery, he would not be entitled to recover, and that the meaning or definition of these terms is that used and commonly accepted in the business in which plaintiff was engaged at the time the contract of insurance was entered into. No complaint is made of this instruction, and we cannot say that, under the evidence and this instruction, the jury was not warranted in finding that the plaintiff was not engaged, at the time of his injury, in the occupation of handling heavy hardware or machinery.

II. The indemnity provided in the policy is only as to injuries immediately, wholly, and continuously disabling the plaintiff from transacting any of the duties pertaining to

his occupation as a merchant. The agreement is to pay twenty-five dollars per week, not exceeding fifty-two consecutive weeks, during such disability. Plaintiff claims that he was thus disabled for eight weeks immediately following the accident, while appellant contends that the evidence shows that during the latter part of said eight weeks plaintiff was able to and did perform his duties as a merchant. It will be observed that the indemnity is for injuries "immediately, wholly, and continuously disabling the plaintiff from transacting any of the duties pertaining to his occupation as a merchant." It clearly appears from the evidence that the plaintiff was not thus disabled to exceed four weeks. In his proofs of the injury made to the defendant, he says: "I was totally disabled from the 14th day of August, 1895, to the 18th of September, 1895. Between said times I transacted no part of my occupation." The affidavit of his attending physician in support of the claim states that plaintiff was totally disabled from the fourteenth of August to the eighteenth day of September, and but partially from the eighteenth of September to the eighteenth of October. While plaintiff states in his testimony that for about eight weeks he was not able to do anything, he states on further examination that, during the eight weeks following the injury, he was about the store. "At first I could not perform the light work about the store. I did not pretend to do anything at all until the 8th day of September, I believe. That was the first time I undertook to do anything about the store. Then I could sell small goods, or anything that did not have to be tied up; anything that I could handle with one hand I could sell." There is no evidence upon which to base a finding that the plaintiff was totally and continuosly disabled for more than four weeks, and, under the terms of the contract, it is only for that period that he is entitled to recover. The verdict is manifestly excessive to the amount of one hundred dollars, and, unless plaintiff files a remittitur in writing of one hundred dollars.

within thirty days from the filing of this opinion, the judgment will stand REVERSED.