## National Life & Accident Insurance Company v. O'Brien's Executrix, et al.

(Decided October 24, 1913).

### Appeal from Franklin Circuit Court.

1. Insurance, Accident—Action for Injury.—In an action on an accident policy to recover indemnity for disability resulting from accidental injury to the person insured, the insurance company's liability does not rest upon the ground that the insured's disability must necessarily confine him to his bed or house. In such case, it is only necessary that the disability be such as to prevent the insured from following his particular occupation; and a total disability exists if the insured's injuries are of such a character that common prudence requires him to desist from his labors, and rest, so long as it is reasonably necessary to effect a speedy cure.

2. Insurance, Accident—Policy—Rule of Construction.—It is a well established rule in the law of insurance that if, in looking at all the provisions of an insurance policy, it is fairly and reasonably susceptible of two constructions, one favorable to the insurance company, and the other favorable to the insured, the latter con-

struction, if consistent with the objects for which the policy was given, must be adopted; and this for the reason that the instrument which the court is invited to interpret was drawn by the attorneys, officers or agents of the insurance company. 'If, therefore, there should be any ambiguity, it must be taken, according to law, most strongly against' the insurance company whose representatives prepared it.

3. Insurance, Accident—Action Upon Policy—Rights of Parties.— The defense interposed by the insurance company that the greater part of the disability under which the insured labored was caused by Bright's disease, of which he died, and such fact limited its liability to $28 under the policy, was not sustained, in view of the evidence that his disability had been continuous from the date of the accident down to the time he was attacked by Bright's disease, which did not manifest itself until within a month of his death. These facts being uncontradicted, it is unnecessary to determine what would be the rights of the parties were the proof otherwise.

4. Insurance, Accident—Action Upon Policy—Notice.—The failure of the insured, or his personal representative, to give immediate written notice to the company of the claim of indemnity for disability from accidental injury, will not defeat a recovery on the policy where it is made to appear that the insurance company, after receiving verbal notice of such claim, denied liability, except for $28, which it tendered in settement. Such denial and offer of settlement beng a waiver of the formal written notice, which, under other circumstances, would be necessary from the insured or his personal representative.

CHARLES H. MORRIS, M. M. LOGAN for appellant.

L. W. MORRIS for appellee.

OPINION OF THE COURT BY JUDGE SETTLE—Affirming.

On December 21, 1907, Pat O'Brien had issued to him a health and accident insurance policy by the appellant, National Life & Accident Company, whereby in consideration of the policy fee and monthly premiums therein mentioned, appellant agreed "to insure him at the rate of seven dollars per week for a period not exceeding one hundred and four consecutive weeks against total loss of time resulting directly and independently of other causes from bodily injuries effected through external, violent and accidental means, and which wholly and continuously from date of accident, disabled and prevented the insured from performing every duty pertaining to any business or occupation."

December 24, 1908, the assured was injured in a runaway or vehicle accident, occurring in the city of Louis-

ville. On the 4th day of July, 1910, the assured, then a resident of and domiciled in Franklin County, died testate. His will was shortly thereafter duly admitted to probate in the Franklin County Court and his widow, Margaret O'Brien, and Martin O'Brien, being named in the will as executrix and executor thereof, duly qualified as such under an order of that court. March 21, 1912, they, in their executorial capacity, brought this action against appellant on the insurance policy it had issued to Pat O'Brien seeking to recover of it seventy-eight weeks' benefit, at the rate of seven dollars per week, amounting in the aggregate to $546.00, with interest from July 4, 1910, until paid. The petition, after setting out the terms of the policy and contract between the parties, alleged, "that on the 24th day of December, 1908, decedent was injured in a runaway accident, and sustained bodily injuries, effected through external, violent and accidental means and which wholly and continuously from date of accident, disabled and prevented assured from performing every duty pertaining to his business and occupation until the 4th day of July, 1910, when the decedent departed this life as aforesaid."

Appellant, by answer, admitted the issuance of the policy and contract of insurance, as set out in the petition; also that the assured was injured in a runaway accident on or about December 24, 1908, but denied that the injuries resulting to him therefrom, either wholly or continuously from the date of the accident, disabled or prevented him from performing every duty, or any duty, pertaining to his business or occupation, until the 4th day of July, 1910, or that his injuries, wholly or in part, so disabled him for any period, except from December 24, 1908, to January 25, 1909. It was alleged in the answer that appellant paid the assured for the time lost between December 24, 1908, and January 25, 1909, according to a claim presented by him; that such payment amounting to $12.60 was accepted by the assured in full satisfaction of all demands that he had against appellant by reason of the accident resulting in his injuries, and that assured never at any time thereafter during his life made any claim against appellant of other disability; furthermore, that any disability which may have resulted to him after the settlement of his claim amounting to $12.60, was not due to any injury received by him in the runaway accident, but to Bright's Disease, of which he died, and that under the terms of the policy appellant's

liability was, because of the assured's death resulting from Bright's Disease, limited to four weeks' benefits of seven dollars per week, amounting to $28.00, for which sum appellant offered to confess judgment. Finally, the answer set up the alleged failure of the assured, and of his executors after his death, to give immediate written notice to appellant of any sickness or injuries from accident for which indemnity might be demanded of appellant, which alleged failure was relied on to defeat a recovery. The answer was controverted by reply. With the issues thus made up the case went to trial, resulting in a verdict in appellee's behalf for $446.00 and for this amount the latter recovered judgment, with interest from the date of its entry until paid, and costs. Following the refusal to it of a new trial, appellant was granted an appeal, and the case is now before us for review upon that appeal.

The grounds urged by appellant for reversal are: First, that the disability resulting from the injury sustained by the assured was not continuous from the date of the accident until his death, but was confined to the time intervening between December 4, 1908, and January 25, 1909, for which disability he claimed and was paid $12.60. Second, that the assured was suffering from a subsequent disability which was caused by Bright's Disease which, under the terms of the policy, restricted appellant's liability to $28.00, and that as this sum, though tendered by appellant, was not accepted by appellees, the action should have been dismissed at their cost. Third, that no written or other notice being given appellant of the further alleged disability resulting to the assured after January 25, 1909, this fact should have prevented a recovery. Fourth, that the instructions given by the trial court did not properly advise the jury of the issues of fact made by the pleadings or the law applicable thereto.

In answer to the first contention, it may be said that appellant's liability does not rest upon the ground that the assured's disability must necessarily have confined him to his bed or house. We are aware that the authorities differ as to the meaning that should be given such terms as are employed in the policy under consideration to indicate the nature and extent of the disability that must result to the assured from accidental means in order to entitle him to the indemnity allowed by the policy. Some of the cases hold that there can be no recovery of

the indemnity unless the disability is such as to prevent the assured from doing any kind of work in any way and all kinds of business; that is the disability must be so complete as to prevent his earning a livelihood at any employment. Hutchins v. Supreme Tent, &c., 68 N. Y., 355; Baltimore, &c., Emp., Relief Assoc. v. Post, 122 Pa., 579; Fidelity, &c., Co. v. Getzendanner, 93 Texas, 487; Merrill v. Travelers Ins. Co., 91 Wis., 329; Sawyer v. U. S. Casualty Co., 8 Am. Law Reg. (Mass.), 233; Albert v. Order Chosen Friends, 34 Fed., 721. Other cases hold that it is only necessary that the disability be such as to prevent the assured from following his particular occupation; and some of them, that a total disability exists if the assured's injuries are of such a character that common prudence requires him to desist from his labors, and rest, so long as it is reasonably necessary to effect a speedy cure. Young v. Travelers Ins. Co., 80 Me., 244; Lobdill v. Laboring Men's Mut. Aid Assoc., 69 Minn., 71; Pennington v. Mut. Life Ins. Co., 85 Iowa, 468; McKinley v. Bankers Aid Acc. Ins. Co., 106 Iowa, 81; Com. Trav. Acc. Assoc. v. Springsteen, 23 Ind., 657; Neafie v. Mfg's Acc. Indemnity Co., 55 Hun. (N. Y.), 111. Without undertaking to harmonize the foregoing authorities we are inclined to follow those last cited, as we regard them more in accord with reason and justice. The clause of the policy under which appellant seeks to escape liability, though broad enough in its terms to give color to the meaning it attributes to it, should nevertheless be given a reasonable construction that would be as just to the assured as to the insurer, applying the rule admirably stated by Mr. Justice Harlan in Am. Surety Co. v. Paule, 170 U. S., 133, as follows: "If looking at all its provisions, the bond is fairly and reasonably susceptible of two constructions, one favorable to the bank and the other favorable to the surety company, the former. if consistent with the objects for which the bond was given, must be adopted; and this for the reason that the instrument ment which the court is invited to interpret was drawn by the attorneys, officers or agents of the surety company. This is a well established rule in the law of insurance. First National Bank v. Hartford Fire Ins. Co., 95 U. S., 673. * * * As stated by Lord St. Leonards in Anderson v. Fitzgerald, 4 H. L. Cas., 483, 'it (a life policy) is, of course, prepared by the company; and if, therefore, there should be any ambiguity, it must be taken according to law most strongly against the person

who prepared it.' There is no sound reason why this rule should not be applied in this case. The object of the bond in suit was to indemnify or insure the bank against loss arising from any act of fraud or dishonesty on the part of Fitzgerald in connection with his duties as cashier or with the duties to which, in the employer's service, he might be subsequently appointed. That object should not be defeated by any narrow interpretation of its provisions, nor by adopting a construction favorable to the company if there be any other construction equally admissible under the terms of the instrument executed for the protection of the company.''

While the language of the policy here is that the disability, entitling the assured to the indemnity provided, must be so total as to prevent him from ''performing every duty of any business or occupation,'' it would do no violence to the language used or the rights of appellant to say that the words quoted, fairly interpreted, should be held to mean that the disability would be total, if of such a character, as to prevent the assured from transacting any kind of business pertaining to his occupation. In other words, it is sufficient if the disability of the insured in this case was such as to prevent him from doing all the substantial acts required of him in his business. Giving the clause of the policy in question this meaning, it does not limit the liability of appellant as claimed by it. The appellant's defense is not rested upon any claim that the assured was not injured in the accident mentioned in the petition, but that the disability resulting therefrom was not total and that it only continued from December 24, 1908, to January 25, 1909.

The meaning of the verdict is that, in the opinion of the jury, the assured's disability continued not only for the time claimed by appellees, but also that it was so total and continuous as to prevent him from performing any substantial work or duty pertaining to his business or occupation; so, if the record furnishes any evidence to support this conclusion reached by the jury, appellant's first contention must fail. On this point Margaret O'Brien, widow of the assured, who was with him constantly from the time of the accident until his death, testified, ''after he was several weeks sick he got up, but he wasn't up very long. It might have been a week or little more and he was taken sick again and he wasn't well from that time on then. He would get up and go out and come back to bed again and some times maybe

he would set up an hour or so." Q. "From that time if he was taken down again or after that he was getting all right when he had to take his bed again, was he able to do any work? A. "No, sir, he was not."

The above testimony of Mrs. O'Brien is corroborated, in large part, by that of Dr. Wallace, the attending physician of the assured, the testimony furnished by the two, as a whole, strongly conducing to prove that, while there were brief intervals following the accident and down to the time of the death of the assured, during which he got up from his bed, and for a day or two at a time, was able to get out of the house, his condition of health between the date of the accident and his death was never such that he could perform any material work or duty pertaining to any business or occupation. We have been unable to find in the record any evidence contradictory of that of Mrs. O'Brien and the physician referred to.

The cases of Gen. Acc'dt. Assur. Corp. v. Meredith, 141 Ky., 92, and Aetna Life Insurance Co. v. Bethel, 140 Ky., 609, cited by counsel for appellant, are not in point on the question under consideration. In both these cases the recovery sought against the insurance companies was for the death of the assured, claimed to have been caused by injuries resulting from accident. In the first case, it was claimed that, as the assured (a physician) made certain calls upon patients after he was hurt, and therefore on the days of making these calls was not wholly or continuously prevented from performing the duties of his profession, he could not have labored under the disability contemplated by the policy; but, in respect to this contention, we held that, as the action was not one to recover for such disability, but under another clause of the policy which provided indemnity of $500.00 for loss of life resulting from accidental means, the question of the plaintiff's disability was not involved in the case. In the second case the policy provided indemnity against loss of time "resulting from bodily injuries effected through external, violent and accidental means which independently of all other causes might continuously and wholly disable the insured from prosecuting any kind of business;" and further provided that, if "death results solely from such injuries within ninety days," the company would pay a stipulated sum; we held that, as the action was brought to recover for the death resulting from the injuries, it was not necessary that the

petition charge that the injury had continuously and wholly disabled the insured from prosecuting his business; as the words "continuously and wholly disable," related to loss of time growing out of disability to labor, and not to death.

It is, however, insisted by counsel for appellants that the reply of appellees admits that the disability of assured was not continuous. The alleged admission arises out of the statement made in the reply that on January 25, 1909, the assured thought he had recovered and then made claim for the loss of time intervening between December 24, 1908, and January 25, 1909. But, in thus claiming, counsel overlook the fact that the reply alleges in the same connection that, a few days thereafter the assured had to again take to his bed by reason of the injury previously received, from which time until his death he was wholly and continuously disabled. So it is apparent that that part of the reply referred to does not admit that the assured's disability was not continuous from the time of the accident down to his death; nor does it admit, that during the few days intervening between the date of the assured's arriving at the belief that he had about recovered and the time of his again taking to his bed, he did not labor under such disability as prevented him from following his usual occupation or doing any other work. It should not be overlooked that the petition alleges, in positive language, that the disability resulting to assured from the accident complained of "wholly and continuously from date of the accident disabled and prevented assured from performing every duty pertaining to his business and occupation until the 4th day of July, 1910, when the decedent departed this life as aforesaid." In view of this averment of the petition, it was unnecessary for the reply to deny the allegation of the answer that the disability of the assured was not continuous from the date of the accident down to the time of his death. Nor, does what is said in the reply as to the assured's temporary belief of a recovery constitute an admission of his recovery, when, in fact, what follows in the reply as to his again being compelled to take to his bed, amounts to an averment that he had not recovered and that his disability continued.

In considering the second contention, it is to be remarked that appellant does not claim, nor does the policy provide, that it would not be liable to appellees if the death of the insured resulted from Bright's Di-

sease; on the contrary, such liability is admitted by the answer to the extent of $28. The provision of the policy upon which this claim rests is as follows, "In the event of disability, due to either accident or illness, resulting wholly or in part, directly or indirectly, from \* \* \* Bright's Disease, \* \* \* or in the event of any accidental injury covered by this policy resulting in hernia, then and in all such cases referred to in this paragraph, the limit of the company's liability shall be an indemnity for the period of the disability not exceeding four weeks at the rate which would otherwise be payable, nothing herein to the contrary notwithstanding."

The only proof as to the existence of Bright's Disease is in the testimony of Doctor Wallace who says that the deceased had acute Bright's Disease in June and died, a month later, in July. This testimony does not show that the Bright's Disease existed more than four weeks before the death of the deceased, and, therefore, it does not appear that the appellant's liability should be limited under this clause, so it is unnecessary for us to determine what would be the rights of the parties were the proof otherwise.

We do not agree with appellant's counsel that there is a conflict between instructions one and three; nor do we think that either instruction misstates the law. Instruction one would be incomplete without three, but the two together fully advised the jury on the question as to what disability on the part of the assured, if there was any, resulting from the injury he received in the accident, would entitle him to recover; that is, instruction one supplemented by number three told the jury, in substance, that if they believed from the evidence that as the result of the injury received by the assured on December 24, 1908, he was totally and continuously, independently of all other causes, disabled from performing the ordinary duties pertaining to his occupation for a period of seventy-two weeks from the date of the injury, then they should find for him the sum of $504.00, or such amount as they might believe from the evidence he was entitled to recover at the rate of $7.00 per week, for the number of weeks he was so disabled. At most, it does not lie in the mouth of appellant to object to instruction three, as it was offered by its counsel and given by the court at its instance.

Appellant's final contention is without merit. It is true that there was no written notice given to it of the

claim to indemnity asserted by appellees in this action, but it does appear from the evidence that demand for such indemnity was made by the assured before his death and by his executrix after his death, in response to which it denied any liability therefor except $28.00 which it tendered in satisfaction of the demand. The denial of liability and the offer of settlement at $28.00 and tender of same constituted we think, a waiver of the formal notice which, under other circummstances, would have been necessary from the assured or his executor. Ordinarily the question of notice, as well as that of a waiver thereof, is one of fact that should be submitted to and determined by a jury. That was not done in this case, nor did the appellant ask an instruction in regard thereto; in view of which it does not lie in its mouth to complain at this late date, that the jury were not instructed by the court on the subject of the notice.

Viewing the record as a whole, we find no reason for disturbing the verdict. Wherefore, the judgment is affirmed.