GENERAL ACCIDENT FIRE & LIFE ASSURANCE CORPORA-
TION, Respondent, vs. INDUSTRIAL COMMISSION, Appel-
lant: PROTIVI and others, Defendants.

*March 6—June 2, 1936.*

For the defendant-appellant Industrial Commission there
was a brief by the *Attorney General* and *Mortimer Levitan,*
assistant attorney general, and oral argument by *Mr. Levitan.*

*E. J. Herte* of Milwaukee, for the defendant George Protivi.

For the defendant Wisconsin Compensation Rating & Inspection Bureau there was a brief by *Otjen & Otjen* of Milwaukee, and oral argument by *C. J. Otjen.*

For the respondent there was a brief by *Rouiller, Dougherty, Arnold & Kivett,* and oral argument by *M. H. Keelan,* all of Milwaukee.

The following opinion was filed March 31, 1936:

ROSENBERRY, C. J.    There is no dispute in this case but that the claimant is entitled to compensation.    The question

is, When did the right to compensation accrue? In the determination of this matter the trial court said:

"Here it appears that Protivi's last working day was July 10, 1933; the commission on indefinite conjectural evidence found that he first lost some time on account of lung condition due to silicosis November 5, 1932, the day the plaintiff, General Accident Corporation came on the insurance risk; but it seems he thereafter continued his regular work in the customary way until July 10, 1933; that the General Accident Corporation continued on the risk only until June 19, 1933; that no other insurance company thereafter was on the risk until July 14, 1933; that June 30, 1933, the law became effective fixing 'the date of the accident which caused the injury or in case of disease, the last day of work for the last employer whose employment caused disability.'

. . .

"From the record, therefore, and the law, it seems apparent that the 'date of the accident' fixing the date of disability and liability was 'the last day of work for (this) the last employer whose employment caused disability;' as specifically prescribed by the statute which was in force and effect for ten days during employment before, and at the time of the employee's last day of work for the last employer, July 10, 1933."

A consideration of the trial court's determination makes it apparent that the question presented here for decision is whether there is evidence in the record sufficient to sustain the commission's finding that George Protivi suffered a compensable disability in November, 1932. Protivi testified that he sustained a wage loss as a result of physical disability on November 5, 1932; that as a result he lost nine days; that if he had been physically able he could have continued at his work. He further testified that he lost about five days each succeeding month. He testified with considerable detail in regard to his physical condition, pain in chest, short-winded, tired, etc. Medical testimony attributed his loss of time in November to a silicotic condition.

The plaintiff in this action attempted to dispose of the findings made by the commission on the ground that they are based on speculation and conjecture. The position of the plaintiff in this regard cannot be sustained. There is nothing in the testimony of the claimant that is inherently improbable. If his statements are believed, they with the medical testimony sustain the findings of the commission. This case is ruled in all essential particulars by *Marquette Granite Co. v. Industrial Comm.* (1932) 207 Wis. 151, 240 N. W. 793, and *Outboard Motor Co. v. Industrial Comm.* (1931) 206 Wis. 131, 239 N. W. 141. If the appellant sustained a disability resulting in a wage loss while in the employment of the A. E. Martin Foundry & Machine Company, that fixed the date of liability, and ch. 314, Laws of 1933, has no application to the case. That statute applies only when a wage loss occurs after the relation of employer and employee is terminated. *Schaefer & Co. v. Industrial Comm.* (1936) 220 Wis. 289, 265 N. W. 393. The law of 1933 was intended to supplement and not to supplant the holding in *Zurich Gen. Acc. & L. Ins. Co. v. Industrial Comm.* (1930) 203 Wis. 135, 233 N. W. 772, and other cases in which the defect in the law was pointed out.

*By the Court.*—The judgment appealed from is reversed, and cause remanded with directions to the trial court to enter judgment confirming the award of the Industrial Commission.

A motion for a rehearing was denied, with $25 costs, on June 2, 1936.