MONTREAL MINING COMPANY, Appellant, vs. INDUSTRIAL COMMISSION and another, Respondents.

*April 9—April 27, 1937.*

For the appellant there was a brief by *Reid & Reid* of Hurley and *Quarles, Spence & Quarles* of Milwaukee, attorneys, and *Kenneth Grubb* and *Arthur Larson,* both of Milwaukee, of counsel, and oral argument by *Mr. Grubb.*

For the respondent Industrial Commission there was a brief by the *Attorney General* and *Mortimer Levitan,* assistant attorney general, and oral argument by *Mr. Levitan.*

*L. A. Tarrell* of Milwaukee, for the respondent Jacob Komsie.

FOWLER, J. As appears from the foregoing statement, the case involves the right of a workman to compensation under the Workmen's Compensation Act for a permanent disability caused by an occupational disease with which he became afflicted while he was in the employ of the plaintiff. By the terms of the act, to create the right to such compensation, it is essential that the workman became afflicted with the occupational disease during the term of his employment and that he suffered a wage loss during such term. This has been many times reiterated in the decisions of this court. There is no need to cite the multitude of these decisions or to restate the reasons therefor. It is sufficient on this point to refer to *Milwaukee M. & G. I. Works v. Industrial Comm.* 220 Wis. 244, 263 N. W. 662, 265 N. W. 394, and *Schaefer & Co. v. Industrial Comm.* 220 Wis. 289, 265 N. W. 393.

The Industrial Commission were thus aware that to entitle the applicant to an award on account of his silicosis he must have sustained a wage loss from that cause while the relationship of employer and employee existed. They were also aware that he never sustained any wage loss from that cause up to the time of his accident. To meet the requirements of an award, the commission held that as the employer did not notify the applicant that he was discharged, and the employee did not notify the employer that he had quit his job, the re-

lationship of employer and employee existed up to the time of the hearing before them. This was a conclusion of law which the court may overrule, as distinguished from a conclusion of fact which it may not disturb if there is any credible evidence to support it. *Tesch v. Industrial Comm.* 200 Wis. 616, 229 N. W. 194.

We cannot approve the commission's reasoning. By it the applicant, although it was immediately or very soon manifest that he will never again, because of his spine injury, be able to resume work as a miner, is still in the employment of the plaintiff, and will continue in his employment until he dies, and forever after, unless one of the parties gives notice to the other that the employment is terminated. Both employer and employee knew that the employee would not, because he could not, ever resume the work at which he was engaged. Why must either one, to terminate an employment that both knew was necessarily terminated by physical disabilities caused by the accident, notify the other that the employment was terminated? It is beyond controversy that the employment at which the applicant was engaged when injured was automatically terminated by the accident involved, because the applicant was by the accident rendered incapable of ever resuming work. As soon as that fact became apparent to both parties, as it immediately or very soon did in the instant case, the employment terminated *ipso facto*. This is self-evident.

It is true that in some cases involving occupational diseases where a plant temporarily shut down, as in *Wisconsin Granite Co. v. Industrial Comm.* 208 Wis. 270, 242 N. W. 191; 214 Wis. 328, 252 N. W. 155, and where an employee temporarily ceased working, as in *Kannenberg Granite Co. v. Industrial Comm.* 212 Wis. 651, 250 N. W. 821, the court has presumed a continued relation of employer and employee. But in every case of presumed continuance of the relation

that has been before the court, whether from a temporary shutting down of a plant or a temporary ceasing of work by an employee, there has been a common expectation and a common contemplation of the parties that the employee would resume the work at which he was engaged before the work ceased. This understanding and expectation was the reason for the court's ruling. Such understanding and contemplation is wanting in the instant case. Where the reason for a rule does not exist, the rule does not apply.

If under the rule next above stated it be assumed that the relation of employer and employee continued to exist until it became apparent that the applicant's spine injury incapacitated him from resumption of his work as a miner and that this fact did not immediately appear, to render the applicant entitled to compensation it would be necessary that some credible evidence existed to show that in the interval between the accident and the time when disability to resume his work because of the spine injury became apparent, the silicotic condition so increased as of itself to incapacitate him from resuming such work; for, as above stated, up to the time of his accident, his silicotic condition had not caused him any loss of time or earnings, and therefore had not caused him any compensable injury. Close examination of the record fails to disclose the slightest evidence that the appellant's silicotic condition was any worse, or any different, at the time of the hearing than it was at the time of the accident. Inference of aggravation of the silicotic condition must rest on the testimony of the physicians. While that testimony warrants the inference that the silicotic condition at the times to which the testimony of some of the physicians refers constituted a medical or pathological disability from silicosis, it cannot serve to overcome the undisputed fact of no wage loss and therefore no compensable injury under the Workmen's Compensation Act from silicosis up to the time of the accident.

If there was no compensable injury at that time from silicosis, none could accrue from that cause thereafter without increase or aggravation of the silicotic condition, and there is no evidence of any such increase or aggravation. In absence of any such evidence, the commission's finding of disability from that cause cannot stand. *Oscar Mayer & Co. v. Industrial Comm.* 219 Wis. 474, 263 N. W. 88.

*By the Court.*—The judgment of the circuit court is reversed. The cause is remanded with directions to vacate the award of the commission and remand the record to the Industrial Commission with directions to reinstate the award of the examiner.