ODANAH IRON COMPANY, Respondent, vs. INDUSTRIAL COMMISSION and another, Appellants.

*May 10—June 4, 1940.*

For the appellants there was a brief by the *Attorney General* and *Mortimer Levitan,* assistant attorney general, attorneys for the Industrial Commission, and *L. A. Tarrell* of Milwaukee, attorney for James H. Wallis, and oral argument by *Mr. Levitan.*

For the respondent there was a brief by *Reid & Reid* of Hurley and *Quarles, Spence & Quarles* of Milwaukee, attorneys, and *Kenneth P. Grubb* of Milwaukee of counsel, and oral argument by *Mr. Grubb.*

WICKHEM, J. The applicant in this case had worked in iron mines since 1917. He entered the employ of plaintiff in 1926, and his employment terminated October 31, 1933. From December 4, 1933, until June 27, 1934, he operated a steam shovel and did repair work at the Newport mine. He did no work thereafter. He later filed a claim for compensation against plaintiff, and on May 22, 1936, the examiner found that while he had contracted first-stage silicosis as a result of his work for plaintiff, he had sustained no actual physical disability. The application was dismissed. The findings and order were sustained by the commission upon review. On June 6, 1938, after examination by a physician, applicant was admitted to a tuberculosis sanatorium as a patient. He has remained there ever since. Another application for compensation was filed, and on January 30, 1939, the examiner found that applicant was totally disabled from June 6, 1938, to November 16, 1938, and entered an interlocutory award for the payment of compensation for that period. The nature of the controversy is best disclosed by the memorandum of the examiner. This was as follows:

"Although the applicant may not have been physically incapable of doing work during the period of the sanatorium treatment, having accepted the advice of physicians to enter the sanatorium as a patient, he was totally disabled, in the opinion of the examiner, irrespective of what opinions the doctors may ultimately reach, with the benefit of further in-

formation obtained during the period of sanatorium treatment, as to whether his tuberculosis was then active."

It is evident that the examiner did not find or intend to find that applicant was disabled in the sense of being unable to work, and we are presented with the question whether a workman who, upon the advice of physicians, although not disabled from working, has entered a sanatorium for observation and examination, is to be treated as physically disabled from working, and therefore suffering a wage loss during the period of his stay in the sanatorium. Not only does the examiner fail to find that applicant is not physically able to work, but there is no evidence to sustain such a finding had he made it. Two physicians testified that he was not physically able to work, and if their isolated statements be taken out of the context of their testimony, some shadow of support for such a finding would be found. Further examination of the testimony of these doctors indicates that they did not mean to testify that applicant cannot work, but that he ought not to work because he has a medical disability. This court has held that a medical disability is not a basis for compensation. *North End Foundry Co. v. Industrial Comm.* 217 Wis. 363, 258 N. W. 439; *Milwaukee M. & G. I. Works v. Industrial Comm.* 220 Wis. 244, 263 N. W. 662, 265 N. W. 394; *Schaefer & Co. v. Industrial Comm.* 220 Wis. 289, 265 N. W. 390; *Montreal Mining Co. v. Industrial Comm.* 225 Wis. 1, 272 N. W. 828; *Montello Granite Co. v. Industrial Comm.* 227 Wis. 170, 278 N. W. 391; *General A. F. & L. Assur. Corp. v. Industrial Comm.* 221 Wis. 540, 266 N. W. 224. In the *North End Foundry Co. Case, supra,* the whole matter was thoroughly discussed, and there is no need for further exposition here. In the *Schaefer Case, supra,* following the 1933 amendment (sec. 102.01 (2), Stats.), which made the time of injury in occupational diseases the last day of employment for the last employer whose work had contributed to the disability, it was held that there had been no change in the definition of disability, and in

order to recover compensation there still' must be an actual physical inability to work and not a mere medical disability. At most, the evidence here discloses a medical disability.

The applicant not being physically disabled, no right to compensation was created by resort to a sanatorium for examination. True, he was unable to work while he was in the sanatorium, but this was due not to a physical disability to work but to the physical impossibility of being at two places at the same time.

*By the Court.*—Judgment affirmed.