Patsy Jane LEMONS, by and Through Carlos Lemons, Plaintiff-Appellant,

v.

STATE AUTOMOBILE MUTUAL IN-SURANCE COMPANY, Defend-ant-Appellee.

No. 14184.

United States Court of Appeals Sixth Circuit.

Dec. 22, 1960.

See also 171 F.Supp. 92.

Robert L. Milby, London, Ky. (Frank G. Gilliam, Lexington, Ky., Robert L. Milby, London, Ky., on the brief), for appellant.

Gladney Harville, Lexington, Ky. (R. W. Kennon, Gladney Harville of Stoll, Keenon & Park, Lexington, Ky., on the brief), for appellee.

Before MILLER, CECIL and O'SULLIVAN, Circuit Judges.

SHACKELFORD MILLER, Jr., Circuit Judge.

On May 10, 1956, appellee, State Automobile Mutual Insurance Company, issued its automobile liability insurance policy covering an automobile owned by William J. Moore, Jr., the premium for which was to be paid in three installments, namely, on May 10, 1956, August 10, 1956, and November 10, 1956. The initial installment was paid. Neither of the other two installments was paid. On May 3, 1957, the automobile was involved in an accident, seriously injuring the appellant. On April 8, 1958, appellant filed an action against Moore and subsequently recovered a judgment against him, which was unsatisfied. Appellant thereafter filed this action against the appellee under the insurance policy above referred to. The District Judge found for the appellee, from which judgment this appeal was taken.

In support of the judgment, appellee contends that the policy was not in force or effect at the time of the accident because it had been cancelled for nonpayment of the August 10, 1956, premium installment.

The policy contained the provision that if any premium installment was not paid when due, the insurance would terminate "upon notice mailed by the company to the named insured at the address shown in this policy, stating when not less than ten days thereafter such termination shall be effective. The mailing of notice as aforesaid shall be sufficient proof of notice. The company shall not be liable for any loss occurring after the date and hour of termination specified in said notice."

Appellant contends that although nonpayment of the premium installment gave the appellee the right to cancel the policy, the evidence failed to show that appellee mailed to the insured the notice of cancellation required by the foregoing provision of the policy, and that, accordingly, the policy was never cancelled.

The District Judge found that the policy was cancelled as of August 25, 1956.

The evidence shows that twenty days prior to the due date of the August 10th premium installment, notice of the due date was mailed to Moore at the address set out in the policy, which was returned to the company undelivered. The company then forwarded the notice to its agent. Appellee claims that five days after the due date, notice was mailed to Moore at the same address notifying him that the August 10th installment had not been paid and that if payment was not received before noon of August 25, 1956, the insurance would cease and terminate at that time, and that such notice was not returned. A carbon copy of this notice was introduced in evidence. The Assistant Treasurer of the company testified that when a premium installment was not paid, a notice would be mailed by it to the insured five days after the due date allowing an additional period of time and indicating the final payment date. Although this witness testified that he did not mail the notice himself, he testified positively that it was mailed "because we have a carbon copy of it in our files." No employee testified that he or she actually mailed the notice. It is clear from the policy provision that mailing of the notice of cancellation was sufficient without proof of the receipt of such notice by the insured. Moore testified that he did not receive the notice, but such testimony goes only to the issue of whether the notice was mailed.

There was testimony on behalf of appellee that on July 22, 1956, Moore was involved in an accident while he was driving his brother's car, and shortly thereafter he went to appellee's agent to see if the damage was covered by his policy. Upon being told that the damage was not covered, he said to the agent, "Hell, cancel the policy." The agent told him that since the second installment was due in a very few days, he wouldn't get any money back because of short rate cancellation and suggested to him to wait until the second installment was due, when the policy would die a natural death.

The evidence also showed that although the accident herein involved happened on May 3, 1957, no notice of the accident was given by the insured to the appellee prior to the filing of the suit against him. The insured was sued in April 1958 and, following the service of summons upon him, he took it to the office of the insurance company. He was told by the secretary in the office that they could do nothing for him because his insurance had been cancelled. Moore laid the summons on the table or desk of the agent and departed. No defense was interposed in the action, which thereafter went to judgment. In its original answer in the present action, appellee pleaded as a defense its cancellation of the policy for nonpayment of the premium installment. It later filed an amended answer pleading as an additional defense Moore's failure to give written notice of the accident to the company "as soon as practicable" as required by the policy.

There is no merit in appellant's first contention that the notice of cancellation was merely a notice of intention to cancel if the premium installment was not paid by August 25, 1956, and that a later notice of actual cancellation was also necessary. The notice expressly stated that the insurance would cease and terminate on August 25, 1956, if the premium installment was not paid by that time. The insurance automatically expired on that date without further notice.

Although there was no direct proof of the mailing of the notice of cancellation, there is a permissible inference of mailing from the usual custom of the company in handling such matters and the fact that a carbon copy of the notice was in the files of the company with the original thereof not in its possession. It is unnecessary to decide whether such evidence, without more, is sufficient to sustain appellee's contention that the notice was mailed, with cancellation resulting therefrom. The contention is supported by the additional evidence that Moore, upon having an accident while driving his brother's car, notified the company of the accident, thus showing his realization of what should be done if an accident occurs while a policy is in effect. In the present case, no notice of any kind was given the company when the accident occurred on May 3, 1957, some nine months after the default in payment of the premium installment and after Moore had told the company to cancel the policy. No claim of protection under the policy was made by Moore for approximately eleven months after the accident. This, coupled with the fact that he had not paid the two premium installments, both long past due, strongly indicates that Moore knew that the policy had been cancelled.

Upon a consideration of all the evidence in the case, we are of the opinion that the finding of the District Judge that the policy was cancelled as of August 25, 1956, is not clearly erroneous and must be accepted on this appeal.

This view of the case makes it unnecessary to consider appellee's other defense that failure to give written notice of the accident rendered the insurance invalid, Jefferson Realty Co. v. Employers' Liability Assurance Corp., 149 Ky. 741, 149 S.W. 1011; National City Bank v. National Security Co., 6 Cir., 58 F.2d 7, 10; Maryland Casualty Co. v. Nellis, 6 Cir., 75 F.2d 23, 25; and appellant's contention that such failure was waived by appellee's original denial of liability on the sole ground that the policy had been cancelled. Travelers' Ins. Co. v. Ohio Farmers Indemnity Co., D.C.W.D. Ky., 157 F.Supp. 54, 60; National Life & Accident Ins. Co. v. O'Brien's Executrix, 155 Ky. 498, 506–507, 159 S.W. 1134; Continental Casualty Co. v. Matthis, 150 Ky. 477, 479, 150 S.W. 507. See: 45 C.J.S. Insurance § 1005, for a statement of the two rules.

The judgment is affirmed.