**W. H. BADER, Plaintiff,**

v.

**The TRAVELERS INSURANCE COMPANY, a foreign insurance corporation, Defendant.**

**No. 61-C-12.**

United States District Court
E. D. Wisconsin.

Oct. 22, 1962.

Earl A. Charlton, Milwaukee, Wis., for plaintiff.

Harrold J. McComas and John R. Collins, Milwaukee, Wis., for defendant.

GRUBB, District Judge.

In this action plaintiff, W. H. Bader, seeks to recover premiums paid for the year 1955, and thereafter, on two policies of life insurance which provide for waiver of premium on total disability of the insured.

Defendant, The Travelers Insurance Company, has moved for partial summary judgment in respect to payments for the years 1959 and 1960. It contends that the pleadings and motion papers establish that plaintiff was not totally disabled within the terms of the premium waiver provisions. In support of its motion, defendant relies principally on certain answers of plaintiff on deposition.

██ From this information it appears without dispute that plaintiff has been president and owner of a company which acts as a manufacturer's representative, deriving income from commissions, rentals, and investments from May 1959 through the year 1960. In this capacity plaintiff worked some hours each day and traveled in Milwaukee and to Racine and Kenosha, occasionally driving himself. Plaintiff's income from these activities has been $2,800 and $2,600 for the years 1959 and 1960, respectively.

Plaintiff has submitted a medical report dated May 4, 1959, based on examinations held in February and April 1959, bearing the doctor's conclusion that the history and physical findings support re-

striction of Mr. Bader's activities amounting to total disability.

Defendant's showing on this motion establishes that no genuine issue of material fact remains as to the claimed total disability of the plaintiff for the years 1959 and 1960.

The waiver of premium provision in question is that generally characterized as "general disability" as distinguished from "occupational disability." Thereunder payment of premium is waived where the insured has become " * * * wholly disabled by bodily injuries or disease and thereby prevented from engaging in any occupation or employment for remuneration or profit and has been so prevented for a period of not less than six consecutive months, * * *."

■ The Supreme Court of Wisconsin has repeatedly held that the plain words of a general disability provision of an insurance policy are to be strictly and literally construed. Saveland v. Fidelity & Casualty Company of New York, 67 Wis. 174, 30 N.W. 237 (1886); Merrill v. Travelers' Insurance Company, 91 Wis. 329, 64 N.W. 1039 (1895); Rabinovitz v. Travelers Insurance Company, 11 Wis. 2d 545, 105 N.W.2d 807 (1960); and MacFarlane v. Pacific Mut. Life Ins. Co., 192 F.2d 193, 29 A.L.R.2d 1403 (7th Cir. 1951), cert. denied 343 U.S. 915, 72 S.Ct. 648, 96 L.Ed. 1330 (1952), decided under Wisconsin law. See also De Bonville v. Travelers Insurance Company, 7 Wis.2d 255, 96 N.W.2d 509, 97 N.W.2d 392 (1959), where it was held in respect to a total disability for life policy provision that the undisputed fact of plaintiff's salaried employment for several months during the period of claimed disability eliminated the question of disability for said period as an issue of fact requiring trial.

The undisputed fact of plaintiff's gainful employment during the years in question overcomes the claim of total disability for said period. The medical report speaks for the date of its execution. The medical opinion as to Mr. Bader's total disability does not change the actual fact of his gainful employment. There is, therefore, no total disability within the terms of the policy. Montreal Mining Company v. Industrial Commission, 225 Wis. 1, 272 N.W. 828 (1937).

The motion for summary judgment originally encompassed premium payments for the year 1951 and thereafter. The motion was submitted on briefs and oral argument. At the time of hearing, the court requested counsel to furnish further briefs. Thereafter, the parties stipulated to dismissal on the merits of that portion of the complaint relating to the years prior to 1955, and to dismissal of defendant's motion for summary judgment for the years 1955 through 1958. Defendant submitted its supplemental brief. No further communication has been received on behalf of plaintiff, notwithstanding a reminder by the court that a brief was past due.

For the foregoing reasons,

NOW, THEREFORE, IT IS ORDERED that defendant's motion for partial summary judgment be and it is hereby granted.