## Hagman v. Equitable Life Assurance Society of the United States.

(Decided February 16, 1926.)

Appeal from Jefferson Circuit Court
(Common Pleas, First Division).

1. Appeal and Error—Finding of Fact by Circuit Court Treated as Finding of Jury.—Where circuit court saw and heard witnesses, his finding of facts must be treated as a finding of a properly instructed jury.

2. Insurance—Insured Held to. have Become "Physically Incapacitated" to Engage in Gainful Occupation.—Where insured had to ride to his office so as to keep his broken leg straight out, and had so to keep it at the office, could sit at a desk and answer a telephone call, but on account of pain, could in no just sense of the word do business, and was from his physical condition prevented from performing acts or duties required of him in his business, he was "physically incapacitated" within life insurance policy, providing for waiver of payment of premium and a yearly income if he became physically incapacitated to engage in gainful occupation.

3. Insurance—Contention of Insurer that Proper Notice Not Given it Not Sustained.—Where, as soon as insured was injured, insurer's agent was notified, and came to see him, and knew about his condition, and insured filled out and sent to insurer all blanks they sent to him, and papers which insured sent gave insurer notice of the facts, insurer's contention that proper notice was not given it cannot be sustained.

4. Insurance—Insured Held Entitled to Yearly Income in Monthly Installments After Proof of Diability Existing for Sixty Days.— Under life policy, providing that, if insured became physically incapacitated to engage in gainful occupation and furnished proof thereof, and such disability existed for sixty days, insurer, during continuance of such disability, would pay a yearly income, payable in monthly installments, insured was entitled to receive the yearly income payable in installments during continuance of disability, after furnishing proof that disability had existed for sixty days; provision that income was payable six months after proof and monthly thereafter only fixing time of payments.

5. Insurance—Doubt as to Meaning of Contract is Resolved in Favor of Insured.—Under rule that policy must be liberally construed in favor of insured, doubt as to the meaning of the contract must be resolved in favor of insured and against insurer.

L. F. SPECKMAN for appellant.

WILLIAM MARSHALL BULLITT, BRUCE, BULLITT, GORDON & LAURENT and LEO T. WOLFORD for appellee.

Opinion of the Court by Commissioner Hobson— Reversing.

The Equitable Life Assurance Society of the United States on September 2, 1920, issued to William G. Hagman a policy by which, in consideration of the payment of an annual premium of $981.00, it insured his life, and in addition the policy contained the following provisions:

"If the insured . . . provided all premiums have been paid and this policy is in full force and

effect, becomes physically. . . . incapacitated to such an extent that he is and will be wholly and presumably permanently unable to engage in any occupation or perform any work for compensation of financial value, and furnishes proof thereof and that such disability has then existed for sixty days, the society, during the continuance of such disability, will waive payment of any premium payable upon this policy after receipt of such proof, and will pay to the insured an income of $2,400.00 a year, payable in monthly installments. . . . The income shall be payable six months after receipt of proofs of such total and permanent disability and monthly thereafter during the continuance of such total and permanent disability. . . . The society, after the acceptance of proof and disability, shall have the right at any time, but not more frequently than once a year, to require proof of the continuance of such total disability. If the insured shall fail to furnish satisfactory proof thereof, or if it appears at any time that the insured has become able to engage in any occupation for remuneration or profit, no further premiums will be waived and no further income payments will be made hereunder on account of such total disability. . . . Total disability shall be presumed to be permanent when it is present and has existed continuously for not less than three months.''

Alleging that he had become totally disabled on March 16, 1923, and continued so until January 21, 1924, he brought this suit to recover the monthly installments of $200.00 and also to recover the amount of the premium paid in September, 1923, which the company refused to assume and required him to pay to prevent its forfeiting his policy. The allegations of the petition were controverted. The case was submitted on the law and the facts to the court. The plaintiff introduced his evidence, the defendant introduced no evidence and the case being submitted to the court it made the following finding of facts:

"Hagman became incapacitated on March 16, 1923, to such an extent that he was wholly unable to engage in any occupation or perform work for compensation of financial value. His disability between

June 5 and 26 was total. He did not, in form, furnish proof of the continuance of his total disability for sixty days. The policy containing the requirement was not in his possession, the society holding it as security for a loan. He had an accident and health policy in the same company. He filled out and returned all report blanks sent to him under this, every sixty days. It does not appear that the company sent him any form applicable to the policy in contest. Through reports under the accident policy it had all the substantial facts that it would have had from reports under the policy involved here. In the report of July 15, 1923, under the accident policy, following the society's definition of partial disability, he stated that this disability was partial between June 5 and 26. The society's definition of partial disability is inconsistent with the definition of total disability adopted by the courts. On May 17, 1923, Hagman's total disability had existed continuously for sixty days. On June 17, 1923, his total disability had existed continuously for three months and it became presumably permanent. A premium became due on September 1, 1923, during the existence of such total and presumably permanent disability. The society denied liability on grounds other than failure to furnish proof. Hagman's total disability continued until January 21, 1924. On November 17, 1923, his total disability had continued for six months from the sixty days at the end of which the policy required proof.''

On these facts the court made the following findings of law:

''1. Where the society held the policy Hagman will not be held to strict compliance with its demands for proof, particularly when he furnished the facts under another policy as called for by the society.

''2. Where the society introduced no proof and the evidence introduced by Hagman is consistent either with the idea that the society denied liability because of his failure to furnish proof or with the idea that his disability did not bring him under the protection of the policy, the inference more favorable to him, that is to say the latter, will be drawn; and it will be deemed to have waived the matter of proof.

"3. Where the society in its form of July 16, 1923, inquired as to Hagman's condition and gave therein a definition of partial disability, and he stated in answer thereto that his disability was partial between June 5 and 26, he will not be held concluded by that statement of opinion when the facts show that his disability under the society's definition was partial, yet under the definition of the court was total.

"4. Hagman is entitled to the waiver of the premium as of September 1, 1923, with judgment for whatever sum, with interest, he had paid.

"5. He is entitled to the income at the rate of $200.00 per month with interest from November 17, 1923, to January 21, 1924.

"He is entitled to his costs."

Judgment was entered in favor of the plaintiff pursuant to the court's findings. From this judgment the plaintiff appeals and the defendant prosecutes a cross-appeal with supersedeas.

On the cross-appeal it is earnestly insisted that the finding of facts by the circuit court is unwarranted by the evidence. But he saw and heard the witnesses and under the well settled rule his finding of facts in an ordinary action must be treated as the finding of a properly instructed jury.

There is no dispute of Hagman's disability from March 16 to June 5, but it is earnestly insisted that his disability was not total from June 5 to June 26. It is undisputed that his disability was total from June 26 to January 21. As to what is a total disability under such a contract the rule has been laid down by this court in a number of opinions, as follows:

"In construing clauses such as those heretofore quoted this court, in line with practically all the courts in the country, has adopted what is termed a reasonable or liberal construction of such clauses, viz.: one that is as just to the assured as to the assurer. If, therefore, assured is prevented from doing or performing all the substantial acts or duties required of him in his business this will be treated as such total disability as entitles him to the indemnity provided for that class of disability." Fidelity & Casualty Co. of N. Y. v. Logan, 191 Ky. 96.

While it is true that from June 5 to June 26, Hagman was driven to the office by his wife in his car, he had to ride so as to keep his broken leg straight out and had so to keep his leg when he got to his office. He could sit at his desk and answer a telephone but he suffered intensely and could in no just sense of the word do business. His wife ran the business. He was from his physical condition prevented from doing or performing all the substantial acts or duties required of him in his business. The testimony for him which was believed by the circuit court well warranted this conclusion, and the defendant offered no contrary evidence.

The insurer also earnestly contends that proper notice was not given it. But the fact is as soon as he was injured the agent of the company was notified and came to see him and knew all about his condition; he filled out and sent to the company all the blanks they sent him. The company had full knowledge of the actual facts; the papers which he sent the company gave it notice of the facts. The proof brings the case fully within the rule heretofore laid down by this court. Southern Life Ins. Co. v. Hazard, 148 Ky. 465; Continental Casualty Co. v. Matthis, 150 Ky. 427; Nat'l Life Ins. Co. v. O'Brien, 155 Ky. 498.

The chancellor's finding of fact cannot, therefore, be disturbed under the evidence and the judgment of the chancellor on the cross-appeal is affirmed with damages.

This leaves for consideration the original appeal. By the judgment the plaintiff recovered the amount of the premium due September 1, 1923, also $200.00, with interest from November 16, 1923, and $200.00 a month from that time until January 16, 1924. It is insisted on the appeal that judgment should have been rendered for him for $200.00 a month from March 16.

It will be observed that by the contract it is provided that if the insured becomes physically incapacitated to such an extent that he is and will be wholly and presumably permanently unable to engage in any occupation or perform any work for compensation of financial value and furnishes proof thereof and that such disability has then existed for sixty days, the society, during the continuance of such disability, will pay to the insured an income of $2,400.00 a year, payable in monthly installments. The natural meaning of these words of the policy is that the insured shall receive an income of $2,400.00 a year, payable in monthly installments during the continu-

ance of such disability after he furnishes proof that such disability has then existed for sixty days. The provision is not a promise to pay the income of $2,400.00 a year during the disability but during the continuance of the disability "after receipt of such proof." The provision that the income shall be payable "six months after receipt of proof of such total and permanent disability and monthly thereafter during the continuance of such total and permanent disability" only fixes the time when the payment is to be made. This clause in no wise changes the meaning of the previous clause of the contract by which the company agrees that it will pay to the insured an income of $2,400.00 a year "during the continuance of such disability." If there was doubt about the meaning of the contract it would be resolved in favor of the insured and against the company, for no rule is more fully established than that the policy in all cases must be liberally construed in favor of the insured. In Fidelity & Casualty Co. v. Hunt, 142 Ky. 31, the court thus stated the reason for the rule:

> "The reason for the rule is that the insurer with deliberation and care has set down in its own language the conditions of its contract; if it is not unreasonably susceptible of a construction against the insurer then it is likely that the assured understood it that way. It would not be right to allow such deception to prevail, as would follow if a technical construction were allowed to defeat a possible and not impracticable one imported by the terms. Having the choice of words, the insurer ought to have so expressed itself as to leave no doubt, and as to forestall misunderstanding."

See also Nat'l Life Insurance Co. v. O'Brien, 155 Ky. 498; Nat'l Union Fire Insurance Co. v. Edgewood Co., 209 Ky. 533; American Surety Co. v. Paule, 170 U. S. 133.

The contract is that the insurer will pay to the insured an income of $2,400.00 a year, payable in monthly installments, when the total disability of the insured has existed sixty days and he furnishes the insurer proof thereof. Under the judgment of the circuit court the disability must continue eight months before a right of action accrues to any part of the annual income. That is not the fair import of the contract or what any ordinary man would understand what the policy meant when it

was offered to him. The clause providing that the income shall be payable six months after receiving such proof, and monthly thereafter, does not provide that only one monthly payment is to be made then. To so construe the contract would make it a contract to pay the annual income after eight months of total disability. That cannot be the meaning of the contract; it provides that the total disability shall be presumed to be permanent when it is present and has existed continuously for three months. The purpose of postponing pay day was to give the company an opportunity to investigate the facts. The provision that the payments are to be made monthly, *thereafter*, indicates that a monthly payment then was not contemplated. The purpose of such a provision is to provide the insured with an income in case of total disability, and the natural meaning of the contract is that this income will begin after the total disability has continued sixty days and he furnishes proof thereof. The right to relief from the payment of premium and the right to an annual income of $2,400.00 accrue at the same time. The insured would not understand when he took this policy and it was not intended that he should understand that these rights did not accrue until total disability had existed for eight months.

Judgment reversed and cause remanded for a judgment as above indicated.