## Fidelity and Casualty Company of New York v. Bynum.

(Decided October 18, 1927.)

Appeal from McCracken Circuit Court.

1. Insurance.—Policy insuring against "Total illness disability that continuously prevents the assured . . . from performing each and every duty pertaining to his occupation," which was stated to be that of retail groceryman, insured him against disability to perform duties pertaining to such occupation only, so that insurer was not entitled to credit for amounts earned by insured in another business while disabled to follow stated occupation.

2. Insurance.—Court cannot add conditions to insurance policy which the writing does not contain.

3. Insurance.—Insurance contract is not strictly construed against insured, whose deception by conditions set down in insurer's language will not be allowed by technical construction defeating a possible and not impracticable one imported by terms of policy.

4. Insurance.—Total disability to follow insured's usual occupation arises where he is incapacitated from performing any substantial part of his ordinary duties, though still able to perform a few minor duties and be present at his place of business.

W. A. BERRY for appellant.

C. C. GRASSHAM and L. B. ALEXANDER for appellee.

OPINION OF THE COURT BY COMMISSIONER HOBSON—
Affirming.

The Fidelity & Casualty Company issued to appellee a policy, which, among other things, contained the following provision:

"The Fidelity & Casualty Company of New York (herein called the company) does hereby insure the person (herein called the assured) named in statement A of the schedule of warranties against—

"(1) Bodily injury sustained during the term of one year. . . .

"(2) Illness, contracted by the assured during the term of 350 days from noon, standard time, of the 15th day after the day that this policy is dated, and necessarily resulting in—

"(a) Total illness disability that continuously prevents the assured for a period beginning during

the said term from performing each and every duty pertaining to his occupation. . . .

"Article 1. If the assured suffers total illness disability, the company will pay the assured so long as he lives and suffers said disability $25 a week."

"Article 30. If the assured is injured fatally or otherwise in any occupation classed by the company as more hazardous than that state in the policy, the company's liability shall not exceed such proportion of the principal sum or other indemnity under this policy as the premium paid by him will purchase at the rates fixed by the company for such increased hazard.

"Article 31. The assured's occupation is: Retail groceryman.

'Article 32. The duties of the assured's occupation are fully described as follows: Office and counter.

"Article 33. The assured's occupation is classed by the company as: Preferred.

"Article 34. The premium for the term of this policy is $95."

Appellee was then conducting a retail grocery store, and had been in the business something over 20 years. During the term of the policy, he developed tuberculosis. He sold his store, quit business, as his health was such that he was unable to perform the duties pertaining to his occupation. He went out to Oklahoma and tried to run a business there for a few months, but, finding that his health was no better, he sold out and came back to Kentucky, and for four years lived on a farm, doing nothing. He presented his claim for total disability to the company, and it paid him $25.00 a week for these four years. At the end of the four years, he moved to Paducah, and the company refused to pay him any longer. He then brought this suit. The company filed an answer denying that he was totally disabled from performing the duties of his occupation. The defendant then filed an amended answer in which it alleged that since January 1, 1926, and for a long time before that, appellee had been engaged in other business than that of a groceryman, and in such business had made more money as a result thereof than the amount sued for by him, and he had lost nothing by reason of the disability sued for. It

prayed that, if it was held liable, it should be given credit for the amounts so earned by appellee, which were in fact more than he claimed under the contract sued on. The appellee demurred to the amended answer, the court sustained the demurrer, and the company excepted. The evidence was heard. At the conclusion of the evidence the company moved the court to instruct the jury that total disability means that appellee "is unable to do all the substantial acts necessary to be done in the prosecution of his business." The court refused to give this instruction, and instructed the jury that total disability was such as "prevents him from performing each and every duty pertaining to his occupation as retail groceryman." The jury found for the plaintiff. The court overruled the company's motion for a new trial, and it appeals.

The proof on the trial showed that the appellee, while living in Paducah, spent a large part of his time in the office of Joe Ryan, a real estate agent. But he testified that he was only loafing there, although he at times tried to help Ryan in his business in return for Ryan's hospitality. He had no license to do the business of a real estate agent. In the last year he had made four trades for lots, buying and selling for a little more than he gave for them, but this was all he had done. His tuberculosis was active. He had constant fever. He had to lie down some during the day and was totally disabled to carry on the business of a retail groceryman. The testimony of physicians clearly establish the fact as to the progress of the disease and his total inability to carry on the business of a retail groceryman. But there was some evidence tending to show that he could to some extent carry on the business of buying and selling real estate.

The case turns on whether under the policy the company insured him against total disability to carry on the business of a retail groceryman or whether it only insured him against total disability to carry on any business in which he might be engaged during the time sued for. In National Life & Accident Insurance Co. v. O'Brien, 155 Ky. 498, 159 S. W. 1134, the insurance was of a disability which "prevented the insured from performing every duty pertaining to any business or occupation." In Hagman v. Equitable Life Assurance Society, 214 Ky. 56, 282 S. W. 1112, the disability insured

against existed if the insured was "permanently unable to engage in any occupation or perform any work for compensation of financial value." There are many like cases, in all of which it was held that the thing insured against was a disability to work in any occupation. See notes, 24 A. L. R. 203. But that is not this case. There are no such provisions in the policy sued on.

In this policy the thing insured against is total illness disability that continuously prevents the assured from performing each and every duty pertaining to his occupation. His occupation is stated to be retail groceryman. So by the terms of the policy the disability insured against is a disability to perform each and every duty pertaining to his occupation as a retail groceryman. In article 30, it is provided that, if the assured is injured in any occupation classed by the company as more hazardous than that stated in the policy the company's liability shall not exceed such proportion of the principal sum as the premium paid by him will purchase at the rates fixed by the company for such increased hazard. From this provision it is clear that the amount to be paid the insured depends upon his occupation at the time of his injury, and that, if he is totally disabled to follow that occupation, he is entitled to the sum that he would have received had he been engaged in this occupation at the time the policy was issued. It cannot be that one rule will apply to disability from accident and another to disability from disease, for the same words practically are used in each case.

A man who is past middle life and had followed one business all of his life and knew nothing of any other business might very reasonably take out insurance, insuring him in a fixed sum in case he became disabled to follow the only business he knew anything about. This is practically what the insured did. If the company wished to have credit by anything that he might make in some other business, although he was disabled to follow his stated occupation, it should have so provided in the policy. The court cannot add conditions to the policy the writing does not contain. On its face the insured obtained, by the policy, indemnity in case he became disabled by sickness from performing all the duties of his occupation. It was an insurance against the loss that would come to him if he became totally disabled to follow his business. A man with a family dependent upon him might reasonably

desire such insurance, for he would be uncertain what he could make in any other business, and he would thus secure certain support. The contract is not strictly construed against the insured.

"The reason for the rule is that the insurer with deliberation and care has set down in its own language the conditions of its contract; if it is not unreasonably susceptible of a construction against the insurer, then it is likely that the assured understood it that way. It would not be right to allow such a deception to prevail, as would follow if a technical construction were allowed to defeat a possible and not impracticable one imported by the terms. Having the choice of words, the insurer ought to have so expressed itself as to leave no doubt, and as to forestall misunderstanding." Fidelity & Casualty Co. of New York v. Hart, 142 Ky. 31, 133 S. W. 999.

"Total disability to follow one's usual occupation or employment as used in an accident policy means wholly disabled from performing the usual and customary duties of one's employment, and consequently the insurer is not liable as for total disability where the accident has merely prevented the insurer from accomplishing as much in a day's work as before. But, where the insured is incapacitated from performing and substantial part of his ordinary duties, a case of total disability is presented, although he is still able to perform a few minor duties, and a fortiori mere attendance at the insured's place of business will not prevent a recovery where he is wholly unable to discharge any of the duties of his position." 1 C. J. 463, section 163.

In the notes to this section, a number of cases are collected which fully sustain the text. Among the cases that have been decided are those of a physician or a farmer. Certainly the application of the rule would be conceded in the case of a professional man, who had practiced his profession over 20 years and knew no other business. The reasons for the rule apply equally to any other occupation.

The evidence leaves no doubt that the assured was totally disabled to discharge any of the duties of his occupation.

Judgment affirmed.