No. 18,706.

Morrison Road Bar, Inc. *v.* Industrial Commission
of Colorado, et al.
(328 P. [2d] 1076)

Decided August 11, 1958.   Rehearing denied September 15, 1958.

Mr. William J. Chisholm, for plaintiff in error.

Mr. Duke W. Dunbar, Attorney General, Mr. Frank E. Hickey, Deputy, Mr. Henry E. Zarlengo, Assistant, for defendant in error, Industrial Commission of Colorado.

*En Banc.*

Mr. Justice Frantz delivered the opinion of the Court.

In a hearing before a deputy of the Department of Employment Security, the Williams' claims for unem-

ployment compensation were held valid, and allowed. An appeal from this determination was taken and a hearing de novo held before a Referee. On disputed evidence relating to misconduct of claimants Williams [employees], based upon alleged refusal to deliver records to the corporation and assault upon an officer of the corporation, and relating to whether said claimants had been discharged, the Referee held favorably for the claimants and against the employer.

From this adverse holding the employer corporation appealed to the Industrial Commission of Colorado. The Commission affirmed the action of the Referee, and on a further request for review by the employer upheld its former determination. Pursuant to the pertinent statutes the decision of the Commission was judicially reviewed in the District Court of Denver, and by it affirmed. A reversal is sought here on writ of error.

There is present in the record under consideration substantial evidence to support the determination of the Referee. The Commission properly sustained the Referee, as did the trial court. We hold that there is substantial evidence to support the rulings of the Referee and the Commission.

C.R.S. '53, 82-4-9, provides that the individual shall be disqualified for benefits where the department finds that the employee has "left work voluntarily without good cause, or been discharged for misconduct connected with his work, or failed without good cause either to apply for available suitable work when so referred by the department or to accept suitable work when offered him."

The finding of the Commission that claimants had not been discharged for misconduct, based upon substantial evidence in support thereof, is binding upon us. The trial court as a reviewing court properly refused to substitute its discretion or its judgment for that of the Commission. It was not for the trial court, nor is it for us, to interfere with an administrative judgment

merely because there is ground for a difference of opinion, and even though the court might have reached a different conclusion from the evidence. The fact that there is present in this case fair and reasonable grounds for a difference of opinion is sufficient to sustain the Commission. This principle is so well established in the law that its recitation becomes almost a legal cliche.

Judgment affirmed.

MR. JUSTICE KNAUSS and MR. JUSTICE SUTTON not participating.