No. 23513.

WILLIAM E. ANDERSEN *v.* INDUSTRIAL COMMISSION OF THE STATE OF COLORADO (EX OFFICIO UNEMPLOYMENT COMPENSATION COMMISSION OF COLORADO); AND METROPOLITAN PONTIAC; LEO PAYNE PONTIAC, INC.; AND PINKERTON'S INCORPORATED (INTERESTED EMPLOYERS).

(447 P.2d 221)

Decided November 18, 1968.

282

DAVID W. SARVAS, L. L. NATHENSON, for plaintiff in error.

L. JAMES ARTHUR, KELLY O'NEALL, for defendant in error Pinkerton's Incorporated.

DUKE W. DUNBAR, Attorney General, FRANK E. HICKEY, Deputy, ROBERT L. HARRIS, Assistant, for defendant in error Industrial Commission of the State of Colorado.

*In Department.*

Opinion by MR. JUSTICE PRINGLE.

THIS writ of error is directed to a judgment of the district court affirming the denial of unemployment compensation benefits to the plaintiff in error, William E. Andersen. The defendants in error are the Industrial Commission (referred to as the Commission) and the interested employers, Metropolitan Pontiac, Leo Payne Pontiac, Inc. (Leo Payne), and Pinkerton's Incorporated (Pinkerton's). Of the interested employers, only Pinkerton's appeared at the hearing before the Commission to contest Andersen's claim for benefits.

Andersen's separation from his employment with Pinkerton's is the focal point of this dispute, but some additional information is necessary to put this case in its proper perspective. After working as an automobile salesman for some thirty years, Andersen left Metropolitan Pontiac to take another job at Leo Payne because the latter was closer to his home. The Commission found that on May 15, 1966, his employment there was terminated, after about three months, through no fault of his own. He remained unemployed until March 31, 1967, when he accepted a job from Pinkerton's as a night security guard. After first asking Pinkerton's for a job which required less walking, and having been refused, Andersen resigned his employment on April 3, 1967, because he couldn't stand the walking required to perform his job. Andersen was sixty-four years old, was very heavy, and the walking caused his feet and ankles to swell. In subsequent proceedings, the Commission denied Andersen's claim for unemployment compensation benefits on the ground that he had left his employment at Pinkerton's for personal reasons. See 1965 Perm. Supp., C.R.S. 1963, 82-4-8(6)(b)(xxii). The trial court affirmed.

■ Andersen's sole argument here is that the trial court erred in affirming the decision of the Commission because the evidence in the record requires the conclusion that he quit his job at Pinkerton's not for personal reasons, as found by the Commission, but for health reasons. We agree and reverse the judgment of the trial court.

■ The legislature has expressly declared that the Commission shall be guided in the granting of benefit awards by the tenet that unemployment insurance is for the benefit of persons unemployed through no fault of their own, and that each eligible individual who is unemployed through no fault of his own shall be entitled to receive benefits. 1965 Perm. Supp., C.R.S. 1963, 82-4-8(1). Furthermore, we have stated that unemployment compensation acts are to be liberally construed to further their remedial and beneficent purposes. *Industrial Commission v. Sirokman*, 134 Colo. 481, 306 P.2d 669. With these principles in mind, we review this case.

In addition to the facts already recited, the record discloses that Andersen had never received unemployment benefits. After remaining unemployed from May 15, 1966, until March 31, 1967, he applied to Pinkerton's and was given a night shift as a security guard, which required his walking to check twenty-five time clocks every hour. His overweight condition was considered by his employer, and he was questioned as to his ability to perform the duties of his job. Having been advised of the strenuous routine required, Andersen replied that he wanted to try it anyway. After working three days, he notified his employer that he couldn't stand the walking and requested a leave of absence and an easier job. This was refused.

■ In its decision, the Commission found that Andersen quit his job with Pinkerton's because there was too much walking required, but denied him benefits because "he did not have medical advice to quit." Here, while there was no testimony that a doctor had advised

Andersen to actually quit his job, there was testimony that a doctor had told Andersen that the walking was too much for him. We find no requirement in 1965 Perm. Supp., C.R.S. 1963, 82-4-8 (4) (c) (i) that, before he can be entitled to benefits, the claimant must be advised by a physician to terminate his employment. A medical statement to substantiate the claimant's assertion that he was required to leave his employment because of health reasons is required only if the employer requests it prior to the date of quitting or within a reasonable period thereafter. There is nothing in the record to indicate that such a request was made.

■■ Accordingly, when under these circumstances the statute does not require proof of a doctor's advice to actually quit, the denial of benefits on the ground that Andersen did not have such specific advice was error as a matter of law. Where the Commission has misconstrued or misapplied the law, this Court is in no way bound by its decision. *Industrial Commission v. Rowe*, 162 Colo. 248, 425 P.2d 274. Thus Andersen is entitled to full benefits regarding this separation.

■ The defendants in error argue in their brief that even if this Court should reverse the decision of the Commission with regard to Andersen's separation from Pinkerton's, Andersen cannot recover a full award because he did not leave Metropolitan Pontiac to take a better job, as defined by 1965 Perm. Supp., C.R.S. 1963, 82-4-8 (4) (g) (i-iv). Their argument is directed to the requirement in the statute that the new job last at least ninety calendar days from the first day of employment before it can be considered a better job.

The Commission found that Andersen's employment with Leo Payne did not last ninety days, and on the basis of that finding concluded that it was not a better job. The Commission went farther, however, to find that Andersen's separation from Leo Payne was through no fault of his own, but was the result of an unjustified termination by Leo Payne. Thus the facts, as found by

the Commission, entitle Andersen to a full award. The pertinent sections of the statute require that the new job last at least ninety days *"unless sooner terminated under conditions of which, in the judgment of the department, the worker had no knowledge at the time he accepted the job and over which he had no control."* 1965 Perm. Supp., C.R.S. 1963, 82-4-8 (4) (g) (iii). Under the circumstances present here, the findings of the Commission that Andersen was discharged through no fault of his own bring this case within the section of the statute just quoted, and we therefore conclude that the Commission erroneously applied the law. See *Industrial Commission v. Rowe, supra.*

Accordingly, the judgment is reversed and remanded to the district court with directions to remand to the Commission to enter an award not inconsistent with the views expressed herein.

MR. CHIEF JUSTICE MOORE, MR. JUSTICE DAY and MR. JUSTICE GROVES concur.