516 P.2d 1143 (1973)
Georgia D. MATTISON, Petitioner,
v.
INDUSTRIAL COMMISSION of the State of Colorado (Ex-Officio Unemployment Compensation Commission of Colorado), and General Rose Memorial Hospital Association, Respondents.
No. 73-273.
Colorado Court of Appeals, Div. II.
December 11, 1973.
*1144 Bruce C. Bernstein, Denver, for petitioner.
John P. Moore, Atty. Gen., John E. Bush, Deputy Atty. Gen., Robert L. Harris, Asst. Atty. Gen., Denver, for respondent Industrial Commission of the State of Colorado (Ex-officio Unemployment Compensation Commission of Colorado).
Selected for Official Publication.
ENOCH, Judge.
Georgia Mattison (claimant) petitions for review of an order of the Industrial Commission (Ex-officio Unemployment Compensation Commission of Colorado) denying her application for unemployment benefits. We reverse.
The basic facts are not in dispute. Claimant injured her back in an accident unrelated to her employment at General Rose Memorial Hospital (employer). On the recommendation of her doctor, she rested at home for two weeks and notified her employer of the reason for her absence. Claimant was informed that hospital policy required her to submit a physician's statement to substantiate the necessity for her absence. Although she did obtain such a statement, it was not presented *1145 to the hospital staff when she returned to work because, according to claimant, no one asked for it. Shortly after she returned to work, claimant requested to work part-time so she could undertake heat treatments, or to be excused from physically taxing duties at the hospital. Her supervisor refused both requests and reminded her to submit the required medical statement. When claimant failed to send in the physician's verification, she was fired.
Following a hearing, the referee found that claimant had not complied with the requirements of 1965 Perm.Supp., C.R.S. 1963, 82-4-8(4)(c)(i), and entered an order awarding no benefits. In reviewing that order the Commission adopted the findings of the referee and affirmed his decision.
Claimant contends that the Commission erred in deciding the case under 1965 Perm.Supp., C.R.S.1963, 82-4-8(4)(c)(i), and that she is entitled to a fifty percent award under Section 82-4-8(5)(b). We agree that the wrong section of the Act was applied. The section applied by the Commission provides that a full award of benefits shall be granted if:
"The health of the worker is such that he must quit his employment and refrain from working for a period of time... provided, that ... [the worker] substantiated the cause by a competent written medical statement issued prior to the date of quitting when so requested by the employer...."
The referee reasoned that since a medical statement was not provided, claimant was not entitled to any benefits. Thus, the referee applied the converse of the full award provisions of the statute, i.e., if claimant was not entitled to a full award, she should receive no award. This violated the statutory plan created by the legislature. 1971 Perm.Supp., C.R.S.1963, 82-4-8(4)(a), provides that if claimant does not qualify to receive full benefits, "there shall be given a no award, fifty percent of full award, or a special award, as determined by the division in conformity with the facts." Subsequent sections of the Act enumerate the circumstances under which special, fifty percent, and no awards are to be granted. If the facts of a particular case are not specifically covered by any of these provisions, 1969 Perm.Supp., C.R.S.1963, 82-4-8(7)(a) permits the Commission to enter an optional award.
In the case at hand, after determining that claimant was not entitled to a full award, the referee should have considered the applicability of the fifty percent, special, and no award sections of the statute. His failure to do so resulted in a misapplication of the law, and his determination is thus not binding on this court. Andersen v. Industrial Commission, 167 Colo. 281, 447 P.2d 221; Industrial Commission v. Rowe, 162 Colo. 248, 425 P.2d 274.
The Commission argues that it has discretion to choose which section of the Act should be applied to a given set of facts. It is true that some cases fall within two or more provisions of the Act. In such instances, the Commission has wide latitude in determining which section will be applied. However, the Commission is not at liberty to apply the converse of a section in making a determination of benefits. If the facts of a case are covered specifically by one section of the statute, that provision must be applied. If the facts do not fall within any of the statutory categories, the Commission's order must be based on the optional award section.
The referee in this case found that the primary reason for claimant's separation from work was "her failure to present a statement from her doctor about her physical condition...." The evidence indicates that the violation of a hospital policy was involved and the Commission should have considered the applicability of 1965 Perm.Supp., C.R.S.1963, 82-4-8(5)(b) which permits a fifty percent award if the unemployment results from:
"Violation of a company rule which did not result or could not have resulted in serious damage to the employer's *1146 property or interests, or did not or could not have endangered the life of the worker or other employees."
Since the Commission failed to consider the applicability of said section, this cause must be remanded for further proceedings to determine if the separation resulted from violation of the company rule in question and, if so, whether an entry of a fifty percent award or no award should be made in accordance with 1965 Perm.Supp., C.R.S.1963, 82-4-8(5)(b) or 82-4-8(6) (b)(ix).
We find no merit in claimant's contention that the Commission was required to make independent findings of fact rather than adopting the referee's findings. When affirming a decision, the Commission may adopt the findings of the referee and thereby satisfy the requirements of 1971 Perm.Supp., C.R.S.1963, 81-14-6(2).
The order of the Industrial Commission is set aside and the cause remanded for proceedings not inconsistent with this opinion.
COYTE and PIERCE, JJ., concur.