572 P.2d 853 (1977)
DAILEY, GOODWIN & O'LEARY, P.C. a Colorado Corporation, Petitioner,
v.
DIVISION OF EMPLOYMENT, INDUSTRIAL COMMISSION of Colorado (Ex-officio Unemployment Compensation Commission of Colorado), and Brenda S. Howell, Respondents.
No. 77-374.
Colorado Court of Appeals, Div. 2.
December 1, 1977.
*854 Dailey, Goodwin & O'Leary, P.C., Clive A. O'Leary, Denver, for petitioner.
J. D. MacFarlane, Atty. Gen., Jean E. Dubofsky, Deputy Atty. Gen., Edward G. Donovan, Sol. Gen., Louis L. Kelley, Asst. Atty. Gen., Denver, for respondent Industrial Commission of the State of Colorado.
ENOCH, Judge.
Petitioner, Dailey, Goodwin and O'Leary, P.C., seeks review of an Industrial Commission order awarding claimant, Brenda S. Howell, reduced unemployment benefits pursuant to § 8-73-108(6)(b)(XIII), C.R.S.1973 (1976 Cum.Supp.). We affirm.
In November 1974, claimant became employed as a legal secretary for an attorney engaged in private practice. In May 1975, claimant's employer decided to incorporate with two other attorneys, under the name of Dailey, Goodwin & O'Leary, P.C. Claimant was retained by petitioner as a legal secretary-receptionist. A personality conflict developed between claimant and one of the other attorneys. In February 1976, the attorney she had previously worked for discussed the situation with her, informing her she could remain in petitioner's employ, but if she desired to leave, he knew a friend who needed a legal secretary. The record indicates she accepted this new position on February 27, 1976, terminating her employment with petitioner March 12, 1976, and began her new job on March 15, 1976. Claimant's new job was closer to her home in Aurora and paid better. Because her husband was given a job promotion in Nederland, Colorado, claimant quit the second job on April 30, 1976, moved to Boulder, and there accepted employment in a similar capacity from May 2, 1976, to October 28, 1976. She quit this third position when she and her husband moved to Idaho Springs to be closer to his work. She was unable to find employment there.
Claimant applied for unemployment benefits and was granted a full award by a deputy director of the division under § 8-73-108(4)(f), C.R.S.1973 (quitting to accept a better job). Petitioner agreed this was the applicable section, but argued claimant was not entitled to an award thereunder. Petitioner appealed, and on January 18, 1977, a hearing was held before a referee. The referee reversed the deputy director, ordering a reduced award pursuant to § 8-73-108(6)(b)(XIII), C.R.S.1973 (1976 Cum.Supp.) (responsibility for separation shared by worker and employer). Subsequently, the Commission adopted the referee's decision and affirmed its award.

I.
Petitioner contends that claimant's cause of action accrued prior to October 1, 1976, and that therefore section 8-73-108(6)(b)(XIII), C.R.S.1973, (1976 Cum.Supp.) which became effective October 1, 1976, was retroactively applied.
Petitioner argues that the operative events underlying claimant's cause of action occurred at the time she first had the right to submit a claim for unemployment benefits. Petitioner insists this occurred, at the latest, in May 1976, when claimant first could have asserted unemployment claims against petitioner if she had then remained unemployed for a time period greater than one week. See § 8-73-107(1)(d), C.R.S.1973. We find this contention specious.
"A statute is not rendered retroactive merely because the facts upon which it operated occurred at a time antecedent to its application. . . . If the right of a claimant had not yet accrued . . . and the limitations of the employer had not yet been established, application of the amended act does not constitute giving the amended act retroactive effect.. . . The procedure to be utilized in determining when a cause of action accrues is to ascertain when the litigation could first have been successfully maintained." Tucker v. Claimants in the Death of Gonzales, Colo.App., 546 P.2d 1271.
*855 Here, claimant was not entitled to claim benefits until she had been unemployed for a time period greater than one week. Section 8-73-107(1)(d), C.R.S.1973. Since she found the third job in less than a week, she was not at that time entitled to unemployment benefits against petitioner. It was not until November 1976 that she was first entitled to claim benefits. Consequently, although most of the events supportive of her claim occurred prior to the effective date of the statute, her right to claim benefits did not accrue until November, and thus the statute was not retroactively applied.

II.
Petitioner also contends, on the basis of our holding in Mattison v. Industrial Commission, 33 Colo.App. 203, 516 P.2d 1143, that the order of the Commission is insufficient as a matter of law because prior to determining claimant was entitled to an award under the optional award section, § 8-73-108(6)(b)(XIII), C.R.S.1973 (1976 Cum.Supp.), there should have been a finding that § 8-73-108(4)(f), C.R.S.1973, was inapplicable.
The Mattison decision does not support petitioner's contention. Lack of findings as to the inapplicability of a section was not in issue in Mattison, and was not addressed by this court. Mattison requires that the facts in a given case be examined to ascertain if they bring the matter within any statutory category, and that when two or more provisions might apply to a given factual situation, the Commission has discretion to determine what section will be applied. We further held that where the facts did not fall within any of the statutory categories, the Commission's order must be based on the optional award section.
Here, when the Commission applied the optional award section of the Act, it necessarily considered and determined that the application of the better job provision by the deputy director was incorrect. The evidence clearly supports the action of the Commission, and it need not expressly negate the applicability of another section.
Order affirmed.
BERMAN and STERNBERG, JJ., concur.