COLORADO STATE JUDICIAL DEPARTMENT, Petitioner,

v.

INDUSTRIAL COMMISSION OF the STATE OF COLORADO (EX–OFFICIO UNEMPLOYMENT COMPENSATION COMMISSION OF COLORADO), and Joseph V. Medina, employee, Respondents.

No. 80CA1274.

Colorado Court of Appeals, Division I.

May 14, 1981.

J. D. MacFarlane, Atty. Gen., Richard F. Hennessey, Deputy Atty. Gen., Mary J. Mullarkey, Sp. Asst. Atty. Gen., Denver, for petitioner and respondent Industrial Commission of Colorado.

Deanna E. Hickman, Asst. Atty. Gen., Denver, for petitioner.

Robert S. Hyatt, Asst. Atty. Gen., Denver, for respondent Industrial Commission of Colorado.

John R. Naylor, Henry J. Geisel, Pueblo, for respondent Joseph V. Medina.

SILVERSTEIN, Judge.*

Petitioner, Colorado State Judicial Department (Department), seeks reversal of a final order of the Industrial Commission which awarded respondent Joseph V. Medina full unemployment compensation benefits which follow his discharge by the Department. We affirm.

The facts are undisputed. Medina was discharged because of excessive absenteeism. The Department admitted that all of Medina's absences were the result of illness. The major symptom of that illness was pain stemming from a work-related back injury.

The referee determined that Medina was discharged because of absenteeism and disqualified him from benefits for a period of twelve weeks, pursuant to § 8–73–108(5)(x), C.R.S.1973 (1980 Cum.Supp.) which provide for reduced benefits if the separation is "for ... excessive ... absenteeism ... unless such failure is attributable to factors listed in paragraph (j) of subsection (4) of this section." Section 8–73–108(4)(j), C.R.S. 1973 (1980 Cum.Supp.) provides that an individual separated from a job shall receive full benefits if the separation occurred because of the employee's "being physically or mentally unable to perform the work ...."

On review, the Industrial Commission found that "the controlling factor in this case is the physical inability of the claimant to perform work." It therefore awarded full benefits. Petitioner contends that being "physically unable" does not include an inability to work which results from an "illness" such as Medina's. We do not agree.

▮ Physical inability to work has been defined as the inability to perform the labor, or equally remunerative work, that an injured person was engaged in at the time of his injury. *Keith v. Chicago B. & Q. R. R.*, 82 Neb. 12, 116 N.W. 957 (1908); *see Hagman v. Equitable Life Assur. Soc.*, 214 Ky. 56, 282 S.W. 1112 (1926). Here, the evidence is undisputed that, because of Medina's condition, there were days when he could not get out of bed, or could not remain in either a standing or sitting position for sustained periods. Hence, at such times, he was physically unable to perform the work for which he was employed, and the section relied on by the Commission is applicable.

▮ When two sections of the Unemployment Compensation Act § 8–73–101, et seq., C.R.S.1973, are pertinent, the Commission has wide latitude in determining which section it will apply. *Mattison v. Industrial Commission*, 33 Colo.App. 203, 516 P.2d 1143 (1973). And where, as here, its decision is supported by the evidence, that decision will not be disturbed. *Morrison Road Bar, Inc. v. Industrial Commission*, 138 Colo. 16, 328 P.2d 1076 (1958).

Order affirmed.

ENOCH, C. J., and PIERCE, J., concur.

* Retired Court of Appeals Judge sitting by assignment of the Chief Justice under provisions of the *Colo.Const.*, Art. VI, Sec. 5(3), and § 24–51–607(5), C.R.S.1973 (1980 Cum.Supp.).