John M. SLAZAS, Petitioner,

v.

INDUSTRIAL COMMISSION OF the STATE OF COLORADO (Ex-Officio Unemployment Compensation Commission); Colorado Division of Employment; and Public Employees Retirement Association, Respondents.

No. 82CA0979.

Colorado Court of Appeals, Div. I.

Jan. 27, 1983.

Charles B. Dillion, Denver, for petitioner.

J.D. MacFarlane, Atty. Gen., Charles B. Howe, Deputy Atty. Gen., Joel W. Cantrick, Sp. Asst. Atty. Gen., Alice Loraine Parker, Asst. Atty. Gen., Denver, for respondents.

BERMAN, Judge.

Claimant, John M. Slazas, seeks review of a final order of the Industrial Commission denying his claim for unemployment benefits. We affirm.

Claimant was employed as a benefits analyst by Public Employees Retirement Association (PERA). His duties required mathematical calculations from figures on microfiche. In a resignation letter dated September 19, 1981, claimant quit his employment for the expressed reason of returning to school to obtain a doctorate degree.

The deputy denied benefits under § 8–73–108(8), C.R.S.1973 (1982 Cum.Supp.). At the hearing before the referee, claimant gave numerous reasons for quitting, including that he had developed a severe case of eyestrain from working with the microfiche. A PERA representative testified that he was informed by claimant of the problems with his eyesight and that the representative was aware that all members of the group of employees performing tasks similar to claimant's were having difficulties with eyesight because the microfiche was not sufficiently magnified. The referee found that claimant's problem with his eyesight was a "significant contribution" in his decision to resign and granted a full award of benefits under § 8–73–108(4)(b)(I), C.R.S.1973 (1982 Cum.Supp.).

The Commission reversed, noting that claimant had indicated additional reasons for quitting, including the reason expressed in his resignation letter. Stating that "there is not substantial or competent evidence to show that claimant had made oral statements of health condition as the cause, at the time he resigned," the Commission found that claimant had not satisfied the conditions for a full award under § 8–73–108(4)(b)(I), C.R.S.1973 (1982 Cum.Supp.) and denied benefits under § 8–73–108(8), C.R.S.1973 (1982 Cum.Supp.).

Claimant contends that he is entitled to a full award of benefits under § 8–73–108(4)(b)(I), C.R.S.1973 (1982 Cum.Supp.). We disagree.

That section provides for a full award of benefits if the health of the worker has caused his separation from employment, except that, to be entitled to a full award, the worker must have:

"Informed his employer of the condition of his health ... prior to quitting his employment; substantiated the cause by a competent written medical statement issued prior to the date of quitting when so requested by the employer prior to the date of quitting or within a reasonable period thereafter; [and] submitted himself ... to an examination by a ... physician selected and paid by the interested employer when so requested by the employer prior to the date of quitting or within a reasonable period thereafter ...."

The clear inference to be drawn from this language is that an employee must inform his employer at or prior to leaving that he is quitting *because of the condition of his health.* See *Andersen v. Industrial Commission,* 167 Colo. 281, 447 P.2d 221 (1968). Here, PERA knew of claimant's problems with his eyes (and that other employees were having similar problems). However, the expressed reason that claimant quit was to return to school. And, not until claimant appealed from the deputy's adverse decision did he indicate that he had a health reason for quitting. Furthermore, the record supports the Commission's finding that there

was no substantial or competent evidence to show that claimant had made oral statements of health condition as the cause for quitting at the time he resigned. Hence, the Commission did not err in finding that claimant had failed to comply with § 8–73–108(4)(b)(I), C.R.S.1973 (1982 Cum.Supp.).

While we recognize that the Employment Security Act is to be liberally construed, *see Montano v. Industrial Commission,* 171 Colo. 92, 464 P.2d 518 (1970); *Andersen v. Industrial Commission, supra,* "it is not the function of 'liberal' construction to twist the facts in order to reach a result favorable to an employee." *Montano v. Industrial Commission, supra.*

Order affirmed.

COYTE and STERNBERG, JJ., concur.