Alan J. NAZZARO, Petitioner,

v.

INDUSTRIAL COMMISSION OF the STATE OF COLORADO, (Ex-Officio Unemployment Compensation Commission of Colorado), and Denver Regional Council of Governments, (Employer), Respondents.

No. 82CA0734.

Colorado Court of Appeals, Div. II.

April 14, 1983.

Rehearing Denied June 9, 1983.

Certiorari Denied Sept. 26, 1983.

Allen, Foreman & Mueller, Mary G. Allen, Denver, for petitioner.

J.D. MacFarlane, Atty. Gen., Robert Lehnert, Asst. Atty. Gen., Denver, for respondent Industrial Commission.

Bradley, Campbell & Carney, Lawrence W. Marquess, Golden, for respondent Denver Regional Council of Governments.

SMITH, Judge.

Petitioner, Alan J. Nazzaro, seeks review of the final order of the Industrial Commission disqualifying him from the receipt of unemployment compensation benefits for a period of twelve weeks. We remand for entry of an appropriate order.

Petitioner testified that he worked for the Denver Regional Council of Governments (Council) until July 1981 when he resigned rather than be involuntarily terminated. The deputy disqualified him from benefits for twelve weeks pursuant to statutory section "8–73–108(5)(x)." The referee reversed, finding petitioner was entitled to a full award of benefits under statutory section "8–73–108(4)." The findings of fact and order of the commission reversed the referee's decision, finding claimant was disqualified from benefits for a period of twelve weeks under "8–73–108(5)(x)" for failing to meet established job performance standards. This was affirmed and adopted as the final order of the commission.

The General Assembly made substantial revisions to § 8–73–108 which became effective July 1, 1981. Colo.Sess.Laws 1981, ch. 94, § 8–73–108 at 515 and 516. Subsection (5)(x) was repealed and subsection (9)(a) added. The current version of § 8–73–108, C.R.S.1973 (1982 Cum.Supp.), insofar as pertinent here, provides:

"(9)(a) Subject to the maximum reduction consistent with federal law, and insofar as consistent with interstate agreements, if a separation from employment occurs for any of the following reasons, the employer from whom such separation occurred shall not be charged for benefits which are attributable to such employment and, because any payment of benefits which are attributable to such employment out of the fund as defined in section 8–70–103(13), shall be deemed to have an adverse effect on such employer's account in such fund, no payment of such benefits shall be made from such fund:

. . . .

(XX) For other reasons including, but not limited to, excessive tardiness or absenteeism, sleeping or loafing on the job, or failure to meet established job performance or other defined standards, unless such failure is attributable to factors listed in paragraph (b) of subsection (4) of this section . . . ."

While the record indicates that petitioner may have become unemployed sometime in June, there was substantial evidence, including petitioner's testimony, to support the Commission's finding that he was employed until July 1981. The statute as amended became applicable to claims filed on or after July 1, 1981. Section 8–70–109, C.R.S.1973 (1982 Cum.Supp.). Since petitioner was not entitled to claim benefits until he had been unemployed for at least one week, § 8–73–108, C.R.S.1973, in its 1981 amended form was applicable to his

claim. *See Dailey, Goodwin & O'Leary v. Division of Employment*, 40 Colo.App. 256, 572 P.2d 853 (1977); § 8–73–107(1)(d), C.R.S.1973. Thus, the commission erred in entering its order based on the repealed statutory provision § 8–73–108(5)(x), C.R.S.1973.

The order is set aside and the cause is remanded to the commission with directions to enter an order relative to whether petitioner should be disqualified from benefits under § 8–73–108(9)(a)(XX), C.R.S.1973 (1982 Cum.Supp.).

PIERCE and TURSI, JJ., concur.