**Reza I. BUSHEHRI, Petitioner,**

v.

**INDUSTRIAL CLAIM APPEALS OF-FICE and Division of Employment and Training, Respondents.**

**No. 86CA1542.**

Colorado Court of Appeals, Div. III.

Oct. 8, 1987.

Rehearing Denied Nov. 5, 1987.

Certiorari Denied Jan. 25, 1988.

Brian Patrick Lawlor, Denver, for petitioner.

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Sol. Gen., Gregory K. Chambers, Asst. Atty. Gen., Denver, for respondents.

KELLY, Judge.

Claimant, Reza I. Bushehri, seeks review of an order of the Industrial Claim Appeals Office (Panel) holding that he was not eligible to receive unemployment compensation benefits because of his immigration status during the base period. We set aside the order.

Claimant entered the United States legally in 1978 with a non-immigrant student visa. In 1980, he married a United States citizen, and he later secured the employment for which he claims a base period for unemployment benefits from July 1, 1984, through June 30, 1985. On August 21, 1984, his wife filed an immediate relative petition to adjust his status to that of a lawful permanent resident. Bushehri was informed that his permanent resident visa (popularly known as a "green card") would be granted in 60–90 days, and he was given a 60–day work authorization by the Immigration and Naturalization Service (INS). The work authorization was dated August 21, 1984, the date his wife filed the petition to change his residency status.

In November 1985, Bushehri asked the INS to determine why he had not received his "green card." An INS official informed him that his file had been lost, and retroactively extended his work authorization to December 2, 1985. A few weeks

later, claimant received his permanent resident visa, *nunc pro tunc* November 19, 1985. Meanwhile, claimant had lost his job and, in November 1985, had applied for the unemployment compensation benefits which are the subject of this appeal.

The Panel denied Bushehri's claim on the ground that he did not fall within any of the alien categories eligible for unemployment compensation under § 8–73–107(7)(a), C.R.S. (1986 Repl. Vol. 3B). It concluded that the same statutory portion later applied in *Industrial Commission v. Arteaga*, 735 P.2d 473 (Colo.1987) applies here, and that Colorado amendments thereto preclude an award of benefits under the ruling in *Arteaga*. We disagree with the Panel's result.

The portion of the statute treated in *Arteaga* and by the General Assembly's amendments to the statute deal with residence in the United States "under color of law at the time such services were performed." However, a different portion of § 8–73–107(7)(a), C.R.S. (1986 Repl. Vol. 3B), which is substantially identical to 26 U.S.C. § 3304(a)(14)(A) (1976), also provides that:

"Benefits shall not be payable on the basis of services performed by an alien unless such alien is an individual who was ... *lawfully present for purposes of performing such services....*" (emphasis added)

Bushehri contends, among other things, that he met this statutory condition of being "lawfully present." We agree.

On October 28, 1985, the United States Department of Labor interpreted the phrase "lawfully present for purposes of performing such services" to include "aliens who are permitted to work by the INS regardless of their status in the United States." *Unemployment Insurance Program Letter No. 1–86*, 51 Fed.Reg. 29,-713 (1986), *quoted with approval* in *Industrial Commission v. Arteaga, supra*. The Labor Department's "Program Letter in effect requires an affirmative case-specific ... determination as to whether an alien was authorized to work before an alien may be eligible to receive unemployment compensation." *Industrial Commission v. Arteaga, supra*. The alien seeking unemployment benefits under § 8–73–107(7)(a) must establish that the wage credits on which his claim. is based must have been earned while the alien was legally authorized to work in the United States. *Industrial Commission v. Arteaga, supra*.

Although in its ruling on Bushehri's appeal issued before *Arteaga* was announced, the Panel refused to adopt the Labor Department's interpretation of the above-quoted statutory phrase that is found in both 26 U.S.C. § 3304(a)(14)(A) (1976) and § 8–73–107(7)(a), C.R.S. (1986 Repl. Vol. 3B), the interpretation adopted in the Department letter is applicable here.

It is uncontested that Bushehri was legally authorized to work in the United States beginning on August 21, 1984, the date his wife filed her petition to adjust his status to that of a lawful permanent resident. The federal and state statutes and Program Letter 1–86 all pre-date Bushehri's application for benefits. *See Dailey, Goodwin & O'Leary v. Division of Employment*, 40 Colo.App. 256, 572 P.2d 853 (1977).

We note, however, that claimant was first granted work authorization on August 21, 1984, after his claimed base period began. Therefore, only wages earned by him after that date can be used in determining the amount of his eligibility for unemployment compensation benefits.

The order of the Panel is set aside and the cause is remanded for a redetermination of claimant's unemployment compensation benefits based on all wages earned after he received INS work authorization.

TURSI and CRISWELL, JJ., concur.