**Luann F. BALDWIN, Petitioner,**

v.

**The INDUSTRIAL CLAIM APPEALS OFFICE OF the STATE OF COLORADO, The Colorado Division of Employment and Training and Bethesda Hospital Ass'n, Respondents.**

**No. 90CA0489.**

Colorado Court of Appeals, Div. III.

Jan. 31, 1991.

Rehearing Denied Feb. 28, 1991.

Certiorari Denied July 29, 1991.

William E. Benjamin, Boulder, for petitioner.

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Sol. Gen., Michael J. Steiner, First Asst. Atty. Gen., Jill M.M. Gallet, Asst. Atty. Gen., Denver, for respondents Indus. Claim Appeals Office and Div. of Employment and Training.

Downey & Douglas, P.C., John R. Sleeman, Jr., Denver, for respondent Bethesda Hosp. Ass'n.

Opinion by Judge NEY.

Luann F. Baldwin, claimant, seeks review of a final order of the Industrial Claim Appeals Office (Panel) which disqualified her from the receipt of unemployment benefits. We affirm the order.

On March 10, 1989, claimant quit her job with Bethesda Hospital Association to accept what she considered to be a better job. When her new job ended, on June 30, 1989, she filed a claim for unemployment benefits that same day. The hearing officer and Panel concluded that claimant did not meet the criteria for a full award under § 8–73–108(4)(f), C.R.S. (1990 Cum.Supp.) and disqualified her from the receipt of benefits pursuant to § 8–73–108(5)(e)(V), C.R.S. (1990 Cum Supp.) (quitting to accept other employment which does not meet the requirements of § 8–73–108(4)(f)).

Before July 1, 1989, under Colo.Sess. Laws 1988, ch. 53, § 8–73–108(4)(f) at 394, a worker who quit to accept a better job

was entitled to a full award of benefits under certain circumstances. Conversely, under § 8–73–108(5)(e)(V), C.R.S. (1986 Repl.Vol. 3B), a worker who quit to accept a job that was not better was disqualified from the receipt of benefits. The General Assembly, however, amended these statutes, effective July 1, 1989. Under the amended statute § 8–73–108(4)(f), only construction workers who quit to accept better construction jobs under certain circumstances are entitled to an award of full benefits. Under the amended version of § 8–73–108(5)(e)(V), C.R.S. (1990 Cum Supp.), all other workers who quit to accept other jobs are disqualified from the receipt of benefits.

## I.

▮▮▮▮ Claimant, who is not a construction worker, contends that § 8–73–108(4)(f) discriminates against her and other non-construction workers and therefore denies her equal protection. However, *Getts v. Industrial Claim Appeals Office*, 804 P.2d 282 (Colo.App. 1990), held that § 8–73–108(4)(f), on its face, does not operate to deny equal protection to non-construction workers, and that ruling is dispositive here.

We are aware that after *Getts* was announced, *Higgs v. Western Landscaping & Sprinkler Systems, Inc.*, 804 P.2d 161 (Colo.,1991) was decided by our supreme court. *Higgs* held that § 8–47–101, C.R.S. (1986 Repl.Vol. 3B) was violative of equal protection guarantees of the United States and Colorado Constitutions because it provided less workers' compensation benefits to farm and ranch labor employees than other workers by calculating "wages," which determine benefits, differently.

Because no suspect classification nor fundamental rights were implicated in *Higgs*, nor here, the appropriate standard of judicial scrutiny of the equal protection challenge is the rational-basis standard of review. *See Lujan v. Colorado State Board of Education*, 649 P.2d 1005 (Colo. 1982). Under that standard a statutory classification which singles out a group of persons for disparate treatment must be

rationally based on differences that are real and not illusory and must be reasonably related to a legitimate state interest. *Higgs v. Western Landscaping & Sprinkler Systems, supra.*

Because the differences encountered by workers in the construction industries directly relate to the preferential treatment given them by § 8–73–108(4)(f), we distinguish the situation here from *Higgs* and conclude that the *Getts* holding remains viable.

The various subsections of § 8–73–108(4)(f) recognize that a construction worker's employment is not of a continuing nature, normally has an "established termination date," and may necessitate travel of considerable distances to job sites. Further, a resident worker may be required to go out of state on a construction job or be subject to an apprentice program requiring assignments to various jobs. *Getts v. Industrial Claim Appeals Office, supra.* Accordingly, we conclude that the disparate treatment between construction workers and workers generally as provided in § 8–73–108(4)(f) is based upon the "particular nature of the construction industry" and the different treatment is rationally related to that difference. Therefore, in our view, *Higgs* does not affect the *Getts* holding that the statute on its face does not violate constitutional equal protection standards.

## II.

▮▮▮ Claimant also contends the Panel violated Colo. Const. art. II, § 11, by applying the amended version of § 8–73–108(4)(f) to her claim. We disagree.

An unemployed worker is not eligible to claim benefits until she has been unemployed for at least one week. Section 8–73–107(1)(d), C.R.S. (1986 Repl.Vol. 3B). At that time, the worker's right to claim benefits accrues. *See Nazzaro v. Industrial Commission*, 671 P.2d 983 (Colo.App. 1983). For purposes of determining a claimant's entitlement to benefits, the law in effect on the date a worker's right to claim benefits accrues is that which gov-

erns. *See Nazzaro v. Industrial Commission, supra.*

Here, since claimant became unemployed on June 30, 1989, her right to claim benefits did not accrue until one week later, well after July 1, 1989. Consequently, although most of the events supportive of her claim occurred prior to the effective date of the statute, and although claimant filed her claim for benefits before that time, her right to claim benefits actually did not accrue until after July 1, 1989. Therefore, the amended version of § 8–73–108(4)(f), which became effective July 1, was not retroactively applied. *See Nazzaro v. Industrial Commission, supra; Dailey, Goodwin & O'Leary, P.C. v. Division of Employment, Industrial Commission,* 40 Colo.App. 256, 572 P.2d 853 (1977).

■ In reaching this conclusion, we reject the Panel's contention that Division of Employment Regulation 2.3, 7 Code Colo. Reg. 1101–2, governs here. That regulation, limited in its application to the calculation of "effective dates" for determining eligibility issues, ensures that unemployment benefit claims are uniformly processed. However, eligibility for and entitlement to benefits are distinct issues in the processing of unemployment claims and are governed by separate statutory and case law. *See Arteaga v. Industrial Claim Appeals Office,* 781 P.2d 98 (Colo. App.1989). Consequently, contrary to the Panel's assertion, the "effective dates" found in Regulation 2.3 are not applicable to the determination of entitlement issues and, therefore, do not apply here.

Order affirmed.

METZGER and RULAND, JJ., concur.